In the Matter of the Arbitration between SAM MEYERS, as President of Local 259, United Automobile Workers, AFL-CIO, Respondent, and KINNEY MOTORS, INC., Appellant.

First Department, June 24, 1969.

*Edward F. Callan* of counsel (*James J. Dean* with him on the brief; *Putney, Twombly, Hall & Skidmore,* attorneys), for appellant.

*Richard Dorn* of counsel (*Richard A. Weinmann* with him on the brief; *Sipser, Weinstock & Weinmann,* attorneys), for respondent.

*Per Curiam.* It is convenient at the outset to set forth the chronology of events underlying the judgment of confirmation of an arbitration award here considered on appeal. Commencing some time prior to 1966, petitioner-respondent Local 259 UAW had a collective bargaining agreement with respondent-appellant Kinney Motors, Inc. (herein " Brooklyn ") covering the latter's service shop employees in its automobile agency there. In September, 1966, respondent-appellant and a relative of one of its stockholders purchased the assets of another dealership and began business under the name of Kinney Chevrolet Corp. (herein " Pleasantville "), there located. The Pleasantville shop entered into collective bargaining with Local 355, Amalgamated Union, and a contract eventuated covering the service employees there. In October, 1967, Local 259, without resistance from Brooklyn, initiated a grievance arbitration under their contract, claiming Pleasantville to be Brooklyn's alter ego or accretion and demanding that the employees at Pleasantville be covered into the collective arrangement at Brooklyn. In January, 1968 that claim was sustained by the arbitrator and Brooklyn was directed to bargain with Local 259 in respect of the Pleasantville employees.

In the following month, Local 355 advised Pleasantville of its desire to bargain for a new agreement. In April, Pleasantville petitioned the National Labor Relations Board to clarify the status of the four actors in this drama, citing specifically the conflict between the arbitrator's award and the Pleasantville-Local 355 agreement. NLRB accepted jurisdiction, the factual basis therefor not being then or ever since disputed, and ruled Pleasantville and Brooklyn to be two separate and distinct units, and Pleasantville not to be an accretion of Brooklyn. Almost immediately, in June, Local 259 petitioned Special Term for confirmation of the award, Brooklyn cross-moving to vacate, with the result that confirmation was ordered because respondent " set forth no grounds for the vacatur of the award as provided for in sections 7509-7511 of CPLR " and, further:

"Whether or not the award has been rendered meaningless by the ruling of the National Labor Relation [*sic*] Board cannot be considered by this court."

The difficulty with Special Term's ruling is that it is made in a vacuum, in disregard of the realities dictated by the surrounding circumstances. It is perfectly true that vacatur is restricted to the grounds listed in CPLR 7511, and that none of these grounds is here found. However, compliance with the arbitrator's award would compel the Brooklyn shop to commit an unfair labor practice, for it flies in the face of NLRB's holding that the employees at Pleasantville are not part of the appropriate bargaining unit covered by the Local 259-Brooklyn contract. "Plainly an award may not be confirmed if it directs an act which would violate the  *  *  *  law" (*Matter of Mantell [Unipak]*, 28 A D 2d 1134), and "confirmation will be denied pursuant to the court's general equity powers where an award is contrary to the public policy of the State." (8 Weinstein-Korn-Miller, N.Y. Civ. Prac., par. 7510.07.) And, as long as NLRB's decision stands, it is, by force of pre-emption of the field, the law applicable to the circumstances here considered. The situation found in *Carey* v. *Westinghouse Corp.* (375 U. S. 261, revg. 11 N Y 2d 452) does not exist in this case; there, the moment of conflict between arbitration award and NLRB direction had not arrived, whereas, here, there is outright collision between the award and NLRB's direction, and it is the award which must yield. "Should the Board disagree with the arbiter, by ruling, for example, that the employees involved in the controversy are members of one bargaining unit or another, the Board's ruling would, of course, take precedence" (*Carey* v. *Westinghouse Corp., supra,* p. 272). Not pursuant to CPLR 7511, therefore, but by exercise of general equity powers, pre-emption having since been completed as it was not at the time of award, the judgment of confirmation should be vacated.

The award, however, will stand. As has been said, pre-emption had not been completed when the award was made, and, while the award is not now capable of being enforced in the face of the outstanding NLRB ruling, we recognize that the ruling may be changed by the board itself or on review by the United States Court of Appeals (U. S. Code tit. 29, § 160, subd. [f]), in which event petitioner would be entitled to have the award enforced. Since the one-year limitation of time for confirmation (CPLR 7511) has run, petitioner would, in the event of modification of the NLRB ruling, be out of court, and it is for that reason that, while confirmation should be refused, the award and the proceeding to confirm should

remain viable, without prejudice to appropriate application for further implementation should future events so dictate.

Accordingly, the judgment of confirmation entered January 6, 1969 should be reversed and vacated on the law and on the facts, with costs and disbursements, and further proceedings at Special Term for confirmation of the award stayed pending final disposition of proceedings at NLRB and/or the United States Court of Appeals.

STEVENS, P. J., EAGER, TILZER, MARKEWICH and MCNALLY, JJ., concur.

Order and judgment (one paper) entered on January 6, 1969, unanimously reversed and vacated, on the law and on the facts, with $50 costs and disbursements to the appellant, and further proceedings at Special Term for confirmation of the award stayed pending final disposition of proceedings at NLRB and/or the United States Court of Appeals.