■ In the Matter of the Arbitration between NEIRS-FOLKES, INC., Appellant, and DRAKE INSURANCE COMPANY OF NEW YORK, Respondent.—Judgment, Supreme Court, New York County, entered June 15, 1979, which denied petitioner's application to confirm an arbitration award and granted respondent's cross motion to vacate the award, reversed, on the law, and application to confirm award granted and cross motion to vacate award denied, with costs. Petitioner-appellant, Neirs-Folkes, Inc., (Neirs-Folkes) a New Jersey based insurance agent, and respondent, Drake Insurance Company of New York (Drake), entered into an agency agreement authorizing Neirs-Folkes to solicit and issue umbrella liability policies on behalf of Drake. Compensation of Neirs-Folkes was fixed at a percentage of the net premium collected on the policies it issued and a contingent commission on a percentage of Drake's net underwriting profits on such policies, if Neirs-Folkes attained a certain annual premium level. Policies were issued, pursuant to this agreement, in New York, New Jersey and several other States, some of which have licensing statutes covering insurance agents. Neirs-Folkes was not licensed pursuant to section 110 of the New York Insurance Law, which provides that one who acts as an insurance agent in this State without a license is guilty of a misdemeanor, and section 115, which provides that no insurer doing business in this State "shall pay any commission or other compensation", except to a licensed insurance agent. The only State in which Neirs-Folkes or any principal thereof obtained a license as an insurance agent was in New Jersey, and even in that State, there were improprieties in the manner in which it obtained its license. However, a proceeding to suspend or revoke the license was terminated by a consent order under which Neirs-Folkes was fined, but the license was not suspended or revoked. Drake canceled the agency agreement, and Neirs-Folkes commenced an action for breach of contract. The agreement contained a broad arbitration clause under which "any difference * * * as to the interpretation or construction of any part of this Agreement" was to be submitted to a panel of three arbitrators. Drake moved to compel arbitration, and the motion was granted. The parties proceeded to arbitration, participating in the selection of arbitrators and in hearings over a several-month period. Neirs-Folkes claimed damages for wrongful termination of the agreement and Drake asserted that Neirs-Folkes was improperly licensed, so that it was illegal to pay it commissions. The arbitrators, one dissenting, rendered an award finding Drake's termination of the agreement wrongful and awarding Neirs-Folkes damages and the right to contingent commissions, as determined by a final accounting to be subsequently conducted. The parties cross-moved to confirm and vacate the award, and Special Term held, *inter alia,* in vacating the award, that Neirs-Folkes was unlicensed and, under the several statutes in the various jurisdictions involved, it was illegal for unlicensed agents to receive and for insurance companies to pay them commissions or other compensation and that the award was made in contravention of public policy. While it is clear that courts have the power to vacate awards made in contravention of public policy, as noted by Special Term (see *Garrity v Lyle Stuart, Inc.,* 40 NY2d 354; *Matter of Western Union Tel Co. [American Communications Assn., C.I.O.],* 299 NY 177; *Psychoanalytic Center v Burns,* 62 AD2d 963; *Matter of Meyers [Kinney Motors],* 32 AD2d 266), that power is excercised sparingly.

Over the years only a small number of problems have been recognized as so interlaced with strong public policy consideration that they have been placed beyond the reach of the arbitrator's discretion. *(Matter of Associated Teachers of Huntington v Board of Educ.,* 33 NY2d 229). Each case must be judged upon its own facts as to whether it belongs within that small number and whether the resolution between conflicting public policies should be made by the court, in favor of, as here, for example, compensation of an unlicensed insurance agent as against the unjust enrichment of an insurance company and the strong public policy of encouraging, by judicial noninterference, an unfettered, voluntary arbitration system, where equity should be done. Courts should not interfere with the award of an arbitrator, where there are close conflicts between competing public policies, unless the award contravenes the stronger of them, which policy must almost invariably involve an important constitutional or statutory duty or responsibility. *(Matter of Port Jefferson Sta. Teachers Assn. v Brookhaven-Comsewogue Union Free School Dist.,* 45 NY2d 898; *Mineola Union Free School Dist. v Mineola Teachers Assn.,* 46 NY2d 568.) As the court stated in *Matter of Sprinzen (Nomberg)* (46 NY2d 623, 630): "The courts, however, must exercise due restraint in this regard, for the preservation of the arbitration process and the policy of allowing parties to choose a nonjudicial forum, embedded in freedom to contract principles, must not be disturbed by courts, acting under the guise of public policy, wishing to decide the dispute on its merits, for arguably every controversy has at its core some issue requiring the application, or weighing, of policy considerations. Thus, there are now but a few matters of concern which have been recognized as so intertwined with overriding public policy considerations as to either place them beyond the bounds of the arbitration process itself or mandate the vacatur of awards". This is not one of those few matters in which we must interfere. Concur—Fein, J. P., Sullivan, Ross, Silverman and Carro, JJ.