■ Avon Products, Inc., Appellant, v Sheldon H. Solow, Respondent.—Order of the Supreme Court, New York County (Edward Greenfield, J.), entered on or about December 14, 1988, which granted defendant's motion to stay arbitration and permanently stayed arbitration of a dispute concerning a lease escalation clause as applied to the year 1980 in an arbitration hearing concerning application of the lease clause as it applies to the year 1981, unanimously reversed, with costs, on the law, and the motion denied.

The parties are embroiled in a long-standing dispute regarding the amount of the annual increase in rent to be paid by plaintiff Avon Products, Inc. to defendant Sheldon H. Solow pursuant to an escalation clause of the lease between the parties. The amount payable is tied to the wage rates of

certain custodial personnel employed by defendant at the subject premises. The lease contains a wage-rate arbitration clause which this court has held to require arbitration of any dispute under the escalation provision *(Avon Prods. v Solow,* 79 AD2d 53, *affd* 54 NY2d 637 [1981]). In that opinion, which concerned the dispute over the 1981 rent increase, we stated that "there was no question that arbitration was the sole forum in which to seek redress" (79 AD2d 53, 57, *supra).* The Court of Appeals agreed stating, "The arbitration clause at issue is broad enough to embrace all disputes concerning the correctness of the rental increase notice given by defendant to plaintiff" (54 NY2d 637, 639, *supra).*

In the intervening years, the parties have disputed each and every rent increase sought by defendant, and the record reflects that arbitration proceedings with respect to all years from 1980 through and including 1988 are now pending. Avon previously moved for consolidation of those proceedings, which the IAS court denied in the exercise of its discretion (order dated July 10, 1987). Avon applied for leave to renew its motion. Upon renewal, while adhering to its original decision, the IAS court noted that two different impartial arbitrators had been appointed to hear the various disputes and stated, "In denying consolidation, the court expected that the arbitrations would be held sequentially; it did not contemplate the possibility that different arbitrators would be appointed causing unnecessary duplication of evidence as to some issues" (order dated Jan. 12, 1988). The IAS court nevertheless concluded, albeit reluctantly, that its power to intervene in arbitration proceedings was limited (citing *Board of Educ. v Auburn Teachers Assn.,* 115 AD2d 296) and did not include the authority to interfere with an appointment of arbitrators made by the American Arbitration Association. This court affirmed, without opinion *(Avon Prods. v Solow,* 143 AD2d 1073).

Subsequent to the IAS court's decision, however, the parties, in an agreement dated February 5, 1988, stipulated that arbitration of the disputes would not proceed in sequence, but rather that the 1981 dispute would be heard first. The demand for arbitration of this dispute seeks a declaration to the effect that "Solow shall not for 1981 or any future period use any method different from that used in making calculations under the Escalation Formula in the notice first submitted to Avon for the year 1972" (the initial year of the lease term). In March 1988, Avon applied to the arbitrators for permission to amend its demand for arbitration, pursuant to rule 8 of the

Rules of the American Arbitration Association, to subject the 1980 wage escalation calculation to any declaration the arbitrators might make with respect to the method of calculation to be applied to the 1981 dispute. The arbitrators granted the requested relief, whereupon Solow moved before the IAS court to stay the arbitration as to any aspect of the 1980 rent increase under the wage escalation provision. · The court granted the motion and the instant appeal ensued.

As the Court of Appeals observed, "It is always useful to bear in mind that the announced policy of this State favors and encourages arbitration as a means of conserving the time and resources of the courts and the contracting parties. 'One way to encourage the use of the arbitration forum' we recently noted 'would be to prevent parties to such agreements from using the courts as a vehicle to protract litigation. This conduct has the effect of frustrating both the initial intent of the parties as well as legislative policy' *(Matter of Weinrott [Carp],* 32 NY2d 190, 199). To this end the Legislature has assigned the courts a minimal role in supervising arbitration practice and procedures" *(Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co.,* 37 NY2d 91, 95).

This policy, as reflected in CPLR article 75, is designed to prevent the kind of abuse of the arbitral process so amply demonstrated by the case before us. It precludes the parties to an arbitration agreement from simultaneously pursuing their claims before the courts and thus playing one forum off against the other.

This lawsuit has been ongoing since at least 1980. The matter has been before this court on two prior occasions *(Avon Prods. v Solow,* 79 AD2d 53, *supra; Avon Prods. v Solow,* 143 AD2d 1073, *supra).* Upon the latter appeal, the record totaled 3,344 pages, comprising seven volumes. On the present appeal, the record is a mere 1,715 pages, comprising only three volumes. At this time, a second appeal is pending before this court involving the 1986 and 1987 rent increases under the lease escalation clause (number 1418N on the calendar of Apr. 12, 1989). It can hardly be said that arbitration of this dispute has had the effect of "conserving the time and resources of the courts" *(Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co.,* 37 NY2d 91, 95, *supra).*

Upon an application to stay arbitration, the court may concern itself with only three threshold issues: whether a valid arbitration agreement has been made by the parties, whether the agreement has been complied with and, if so,

whether the claim sought to be arbitrated is time barred (CPLR 7503 [b]; *Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1). Moreover, application for a stay is limited to "a party who has not participated in the arbitration and who has not made or been served with an application to compel arbitration" (CPLR 7503 [b]). It is clear that defendant has participated in the arbitration by opposing plaintiff's application to amend its demand and by entering into the stipulation with respect to the administration of the 1980 and 1981 arbitrations. Therefore, defendant has failed to set forth any procedural basis for its motion to stay arbitration.

The subject of defendant's motion does not constitute a proper basis for judicial intervention at this juncture. The arbitrators have made a limited, procedural ruling which permits amendment of the arbitration demand by Avon, and it is not disputed that this ruling is in conformance with American Arbitration Association rules. The only basis for judicial review of awards rendered in arbitration is provided in CPLR 7511 *(Matter of Granite Worsted Mills [Aaronson Cowen]*, 25 NY2d 451, 454). However, the statutory scheme clearly contemplates judicial review of final awards only *(Mobil Oil Indonesia v Asamera Oil*, 43 NY2d 276, 281). The ruling reviewed by the IAS court was by no means a final award and, therefore, the intervention by the court was without authority.

The gravamen of defendant's objection to the arbitrators' ruling is that, in effect, it consolidates the 1980 and 1981 disputes in contravention of the order of the IAS court (order dated July 10, 1987). However, in the spirit of noninterference in the arbitral process, the rule has been formulated that "the arbitrator is not bound to abide by, absent a contrary provision in the arbitration agreement, those principles of substantive law or rules of procedure which govern the traditional litigation process" *(Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 629). Defendant's remedy, if it feels aggrieved by the arbitrators' ruling, is to seek to vacate the final award. At that time, and not before, it will be for the court to decide whether the arbitrators have violated its order and, if so, whether their action reflects merely an error of fact or mistake of law which will not vitiate the award *(e.g., Matter of Raisler Corp. [New York City Hous. Auth.]*, 32 NY2d 274, 282) or whether it violates public policy so as to warrant vacatur *(e.g., Garrity v Lyle Stuart, Inc.*, 40 NY2d 354, 357-358). The court will then have to balance the public policy of enforcing court orders against what this court has enunciated as "the

strong public policy of encouraging, by judicial noninterference, an unfettered, voluntary arbitration system, where equity should be done" *(Matter of Neirs-Folkes, Inc. [Drake Ins. Co.],* 75 AD2d 787, 788, *affd* 53 NY2d 1038).

The question of the propriety of consolidation of the various arbitration proceedings is not before this court. However, within the context of the order submitted for review, we note that *County of Sullivan v Edward L. Nezelek, Inc.* (42 NY2d 123), relied upon by defendant on this appeal and by the IAS court in denying consolidation, does not stand for the principle that "[t]he power to consolidate arbitrations lies solely with the Court, and the sound exercise of its discretion" (order dated July 10, 1987). It merely states that "there is judicial power to order consolidation of arbitration proceedings *(Mount Sinai Hosp. of Hartford v Wheeler,* 45 AD2d 934)" (42 NY2d 123, 127, *supra)* and does not impose any prohibition against consolidation of proceedings by arbitrators. Therefore, the question which remains to be answered is whether consolidation, having been denied by the IAS court in the exercise of discretion, may nevertheless be partially effected by the arbitrators or whether denial of an order consolidating various proceedings for arbitration operates to restrict the arbitrators with respect to the procedures which may be employed in hearing the dispute. Any determination on this point requires consideration of whether the courts should depart from the judicially espoused "policy of noninterference" in arbitration proceedings *(Matter of Sprinzen [Nomberg],* 46 NY2d 623, 629, *supra)* in order to enjoin any perceived attempt at consolidation by the arbitrator. This question, however, is not now before us and must await an appropriate motion after arbitration has been concluded. Concur—Kupferman, J. P., Carro, Asch, Smith and Rubin, JJ.