■ ISABEL LOZANO, Appellant, v FANNY GRUNBERG et al., Respondents. [600 NYS2d 43] —Order of the Supreme Court, New York County (H. Tompkins, J.), entered on February 13, 1992, which denied plaintiff's motion for partial summary judgment and granted defendants' cross-motion to dismiss the complaint, unanimously modified, on the law, to the extent of denying defendants' motion to dismiss, and the complaint is reinstated, and otherwise affirmed, without costs.

Plaintiff commenced this action against her landlord pursuant to General Business Law § 349. According to the complaint, on three separate occasions the defendants mailed a notice to plaintiff that stated in large print, "Final Notice," and then in larger print, "Dispossess Warning." The notice stated in normal text below: "[w]e will not tolerate Late Payment of RENT. If your rent is not paid within the next few days, we will have the Marshall remove all your furniture to the warehouse and charge for storage."

It appears from the record that no eviction proceeding was pending against the plaintiff at the time of the notice.

In addition to causes of action pleaded under General Business Law § 349 and Consumer Affairs regulation 10.2 (D) (3) and (4) of the City of New York (6 RCNY 5-77 [d] [3], [4]), plaintiff seeks injunctive relief.

The motion court dismissed the action and held that the Housing Part of the Civil Court is the "forum best equipped to deal with this rental dispute." We disagree.

Here appellant seeks injunctive relief which is unavailable in the Civil Court (see, Ford v Tower W. Assocs., 120 Misc 2d 240). Therefore, inasmuch as the tenant is unable to obtain complete relief in the Civil Court "the jurisdiction of the Supreme Court is still available" (Post v 120 E. End Ave. Corp., 62 NY2d 19, 28). Thus it was error for the motion court to dismiss the action. Concur—Murphy, P. J., Rosenberger, Ross, Asch and Kassal, JJ.