■ OLYMPIA & YORK OLP COMPANY, Respondent, v MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Appellant. [626 NYS2d 69] —Order of the Supreme Court, New York County (Stephen Crane, J.), entered on or about October 26, 1993, which granted plaintiff partial summary judgment on its claim for unpaid additional rent and dismissed defendant's counterclaims for rent overcharges, and which denied defendant's cross-motion for partial summary judgment, unanimously affirmed, without costs. Judgment of the same court and Justice, entered January 19, 1994, which awarded plaintiff $61,211.74, together with interest costs and disbursements, for a total of $66,622.44, unanimously affirmed, without costs.

Defendant Merrill is a tenant of One Liberty Plaza under a lease with plaintiff Olympia and York. The lease provides for the payment of additional rent to compensate the landlord for annual expenses incurred in the operation of the premises and for arbitration of any dispute concerning the additional rent assessment.

Detailed procedures are set forth in Article 5.05 of the lease, which affords the tenant an opportunity to evaluate the propriety of the additional rent demanded and includes a schedule for conducting the review and giving notice of any disputed amounts. The applicable time periods are measured from the date the landlord submits a year-end statement of operating expenses to the tenant. After receipt of the year-end statement, the tenant has 20 days to pay the additional rent assessed, if any, without prejudice to any adjustments that

may subsequently be made. The tenant is then given the opportunity to audit the landlord's books and records, which is to commence within 30 days and culminate within 90 days after receipt of the year-end statement. Within this 90-day period, the tenant must notify the landlord of any dispute regarding amounts assessed as additional rent. The tenant then has an additional 90 days to submit any unresolved dispute to arbitration which, pursuant to Article 34 of the lease, is required to be on written notice to the landlord.

At issue is an additional rent charge of $61,211.74, alleged to be due to the landlord for operating expenses incurred during the years ending in 1989 and 1990. In completing the review provided for in the lease, Supreme Court found, and the parties do not dispute, that there were various derelictions on both sides in complying with provisions governing the time within which certain actions were to be taken. Supreme Court further found that Merrill's letter dated July 13, 1992, in which it complains of certain overcharges, constitutes the requisite notice of dispute, rejecting the landlord's assertion that it was untimely given. The landlord now takes the position that Merrill has waived any rights to recover alleged overcharges under the lease. Merrill argues that, by terminating its ongoing audit in response to its July 13 letter, the landlord "prevented Merrill from identifying particular disputes", presumably frustrating its attempt to provide notification of disputed amounts. Merrill asserts that, as a result, the time within which to demand arbitration never commenced to run.

While Merrill submits that the notice was merely preliminary based upon the limited audit it was able to conduct up to that time, the letter does express disagreement with nine specified items of expense. Therefore, it is sufficient as a notice of dispute within the contemplation of Article 5.05 of the lease. This finding is significant only in terms of the commencement of the 90-day period in which to submit the disputed items (and perhaps other items) to arbitration. However, as Merrill seeks to contest the additional rent in court rather than in arbitration, the date of notice is immaterial.

At issue on this appeal is whether a party to an arbitration agreement, having failed to comply with a notice requirement to make a written demand for arbitration, may nevertheless litigate a dispute falling squarely within the confines of the arbitration provision. Although defendant contends that this is a case of first impression in New York, this Court has adjudicated a similar controversy, holding that a party failing

to demand arbitration is barred from seeking relief before the courts in a matter within the operation of an arbitration clause *(Rio Algom v Sammi Steel Co.,* 168 AD2d 250, *lv denied* 78 NY2d 853). As we noted there *(supra,* at 251), "the court's inquiry is limited to whether or not the dispute is encompassed by the governing arbitration provision, while interpretation of the provisions of the contract is for the arbitrator" (citing *Matter of Denihan [Denihan],* 119 AD2d 144, 149, *affd* 69 NY2d 725; *Brown v V & R Adv.,* 112 AD2d 856, 861, *affd* 67 NY2d 772). There is no question that the dispute herein "falls squarely within the purview of the arbitration provision" contained in the lease *(supra,* at 251). As we observed in *Brown v V & R Adv. (supra,* at 861), "Once the courts have determined that there is a reasonable relationship between the arbitration contract/clause and the subject matter of the dispute (as properly found here), the court's inquiry ends."

In a dispute governed by an arbitration agreement "broad enough to embrace all disputes concerning the correctness of the rental increase notice given by defendant to plaintiff" *(Avon Prods. v Solow,* 54 NY2d 637, 639, *affg* 79 AD2d 53), this Court emphasized the public policy underlying the construction and implementation of arbitration provisions as they were expressed by the Court of Appeals in *Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co.* (37 NY2d 91, 95): "It is always useful to bear in mind that the announced policy of this State favors and encourages arbitration as a means of conserving the time and resources of the courts and the contracting parties. 'One way to encourage the use of the arbitration forum' we recently noted 'would be to prevent parties to such agreements from using the courts as a vehicle to protract litigation. This conduct has the effect of frustrating both the initial intent of the parties as well as legislative policy' *(Matter of Weinrott [Carp],* 32 NY2d 190, 199). To this end the Legislature has assigned the courts a minimal role in supervising arbitration practice and procedures."

This State has a "strong public policy of encouraging, by judicial noninterference, an unfettered, voluntary arbitration system, where equity should be done" *(Matter of Neirs-Folkes, Inc. [Drake Ins. Co.],* 75 AD2d 787, 788, *affd* 53 NY2d 1038). A fair interpretation of the arbitration provision of the subject lease is that the tenant will either proceed to arbitration in compliance with the terms of Article 5.05 or waive objection to amounts assessed as additional rent. No allowance is made for judicial resolution of the conflict.

A party to a dispute governed by an arbitration agreement

may not unilaterally evade the stipulated forum and litigate the controversy *(Rio Algom v Sammi Steel Co., supra)*. Before resort to the judicial forum may be had, a party must submit the question of arbitrability to the courts. Thus, if Merrill desired a ruling on its right to proceed to arbitration, it had only to invoke the courts' oversight of the arbitral process by serving a notice of intention to arbitrate (CPLR 7503 [c]). Upon a motion pursuant to CPLR 7503, the court's function is limited (CPLR 7501): "It is for the courts to determine whether the parties agreed to submit their disputes to arbitration, if so, whether the particular dispute comes within the scope of their agreement, and finally whether there has been compliance with any condition precedent to access to the arbitration forum" *(Matter of County of Rockland [Primiano Constr. Co.], 51 NY2d 1, 5)*.

The only aspect of the parties' dispute that this Court need address is whether or not Merrill complied with the conditions precedent to submission of the controversy to arbitration. Patently lacking is the customary prerequisite of a demand to proceed to arbitration. In omitting to serve a notice to arbitrate, Merrill has failed to invoke the limited judicial review available *(see, Matter of New York Plaza Bldg. Co. [Oppenheim], 103 AD2d 203, 207)*. In any event, the merits of a controversy arising out of an agreement subject to a binding arbitration provision are exclusively within the province of the arbitrator *(Matter of Lory Fabrics v Dress Rehearsal, 78 AD2d 262, 268)*, and the courts may not frustrate the intent of the parties by usurping the arbitrators' authority *(Matter of Siegel [Lewis], 40 NY2d 687, 689)*.

Supreme Court was absolutely correct in its observation that the lack of a demand to arbitrate (from either party to the lease) is fatal to defendant's right to contest the validity of the additional rent assessment by the landlord *(Egol v Egol, 68 NY2d 893, 896)*. Having failed to preserve its right to seek relief in arbitration, defendant may not invoke the limited oversight of the arbitral process vested in the courts. Concur—Rubin, J. P., Ross, Nardelli, Williams and Tom, JJ.