OPINION OF THE COURT
Per Curiam.
Order dated November 15, 1993 reversed, with $10 costs, landlord’s motion for partial summary judgment is granted on the issue of adjusted electricity charges due landlord, and tenant’s cross motion to amend the seventh affirmative defense and counterclaim denied, without prejudice.
Order dated March 22, 1994 reversed, with $10 costs, and tenant’s motion for disclosure is denied as moot.
Contrary to the finding of the court below, tenant’s contest of landlord’s claim for additional rent for electricity charges lies, in the first instance, in the arbitration process provided for in article 38 of the lease rider, rather than in these consolidated commercial nonpayment proceedings. The issue dividing the parties, which encompasses the amount of *456 offset to be credited tenant as a consequence of a 1987 electricity rate reduction, is the type of adjustment which they agreed to refer to alternate dispute resolution under paragraph 38 (d) and (g). In particular, paragraph 38 (g) mandates that a third (independent) consultant be designated to initially resolve such a dispute, whose determination "shall be binding and conclusive” upon the parties. Accordingly, landlord is granted partial summary judgment on the issue of calculation of electricity adjustments.
Landlord itself did not waive the right to seek arbitration during the course of the proceedings below (cf., Olympia & York OLP Co. v Merrill Lynch, Pierce, Fenner & Smith, 214 AD2d 509). Nor did landlord use the courts as a vehicle to protract this litigation (Matter of Weinrott [Carp], 32 NY2d 190, 199; see also, Rio Algom v Sammi Steel Co., 168 AD2d 250, 251, lv denied 78 NY2d 853) nor play one forum off against the other (Avon Prods. v Solow, 150 AD2d 236, 238).
Tenant’s amended affirmative defense and counterclaim against landlord alleging deceptive trade practices under General Business Law § 349 should have been dismissed, without prejudice. That claim is duplicative of tenant’s claim pending in Supreme Court against landlord and others (see, Wall St. Transcript Corp. v Cohn, index No. 108088/93), and is more appropriately litigated there, tenant’s chosen forum. Furthermore, tenant is unable to obtain complete relief in the Civil Court, since tenant seeks injunctive relief in the court below as part of that claim (Lozano v Grunberg, 195 AD2d 308). Moreover, the court below improperly retained tenant’s General Business Law § 349 counterclaim in these summary proceedings solely as a mechanism for preserving tenant’s attorney’s fees claim in the event tenant was ultimately a prevailing party.
In light of our determination, we do not pass on the merits of tenant’s General Business Law § 349 claim (see generally, Oswego Laborers’ Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20), nor do we pass upon tenant’s related motion for disclosure.
Finally, the consolidated nonpayment proceedings are deemed a plenary suit since possession is no longer in issue, tenant having vacated the premises on January 31, 1994, the lease expiration date.
Miller, J. P., McCooe and Glen, JJ., concur.