■ HIRSCHFELD PRODUCTIONS, INC., Respondent, v EDWIN MIRVISH et al., Appellants. [630 NYS2d 726] —Order of the Supreme Court, New York County (Walter Schackman, J.), entered November 2, 1994, which denied defendants' motion to compel arbitration and to stay the action, unanimously reversed, on the law, the motion granted, and the action permanently stayed, without costs.

Plaintiff, a theatrical production company, brought this action against defendants, the officers and directors of Mirvish Productions, a Canadian theatrical production company, alleging breach of fiduciary duty and tortious interference with contractual relations. In brief, the complaint dated April 6, 1994 states that the parties entered into an agreement to jointly produce the musical "Hair" at the Old Vic Theater in London. It alleges that defendants "engaged in a course of conduct designed to, and in fact resulted in, the demise of the Production and deprived plaintiff of the benefits of the Agreement of April 26, 1993." Defendants did not answer the complaint and brought the motion to compel arbitration of the dispute pursuant to CPLR 7503 (a) or, in the alternative, the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of 1958 (21 UST 2517) and the implementing legislation contained in 9 USC § 201 et seq.

The subject production agreement contains a broad arbitration provision: "Should a dispute arise from this agreement or from its interpretation then the producers agree that such dispute shall be referred to an Arbitrator to be appointed in the absence of agreement between the disputing parties by the President for the time being of the Society of West End Theater in accordance with U.K. law (the Arbitration Act)." Plaintiff opposed the motion, arguing that the individual defendants are not parties to the production agreement and hence, plaintiff cannot be compelled to arbitrate its claims against them. Supreme Court agreed and denied defendants' motion.

The parties do not dispute that their agreement is governed by the provisions of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. Whether viewed in

light of the Convention or CPLR article 75, the question presented is one of policy with respect to the enforcement of a broad arbitration agreement. In *Szabados v Pepsi-Cola Bottling Co.* (174 AD2d 342, 343), this Court held that the arbitral forum may not be avoided by the artifice of appending incidental tort claims to a commercial dispute. As we stated there: " 'The policy of this State is to favor and encourage arbitration as a means of expediting the resolution of disputes and conserving judicial resources' (*Rio Algom v Sammi Steel Co.*, 168 AD2d 250, 251 [*lv denied* 78 NY2d 853]). That policy 'precludes the parties to an arbitration agreement from simultaneously pursuing their claims before the courts and thus playing one forum off against the other' (*Avon Prods. v Solow*, 150 AD2d 236, 238)" (*supra*, at 343).

The acts alleged in the complaint to comprise "willful, malicious and wanton conduct" do not represent the breach of "a legal duty independent of the contract itself", arising from "circumstances extraneous to, and not constituting elements of, the contract" (*Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 389; *Megaris Furs v Gimbel Bros.*, 172 AD2d 209, 211). Plaintiff complains of defendants' refusal to avail themselves of the "input and expertise" of plaintiff and his representatives and "to listen to their suggestions" for promoting the production. A difference in business judgment is not a fitting subject for litigation among joint venturers, and it hardly rises to the level of tortious conduct, independent of the contract.

Plaintiff next complains that defendants acted to prevent the production from satisfying the minimum ticket sale requirement of the lease with the Old Vic Theater, of which defendants are owners. This amounts to the allegation that defendants frustrated the performance of a condition of the lease, permitting its cancellation. As the leasing of the Old Vic is specifically included in the terms of the production agreement, this aspect of the dispute is clearly referable to that agreement and must be said to "arise" from it.

The basis for plaintiff's claim of breach of fiduciary duty is premised upon the fiduciary duty owed by one joint venturer to another. That said, it is clear that this claim arises out of the relationship of the parties in carrying out the purpose of their joint venture, a matter which is surely subject to the broad arbitration provision in the joint venture agreement. Finally, the assertion of a demand for punitive damages does not represent an independent cause of action and requires no further comment.

Having decided that the allegations of the complaint bear a reasonable relationship to the subject matter governed by the arbitration agreement (*Brown v V&R Adv.*, 112 AD2d 856, 861, *affd* 67 NY2d 772), it remains only to address plaintiff's contention that defendants, who are not signatories to the joint venture agreement, are thereby precluded from invoking the arbitration clause. It is settled law that a corporation, while having an independent legal existence, can only operate through the actions of its officers and directors (*Commission on Ecumenical Mission & Relations of United Presbyt. Church v Roger Gray, Ltd.*, 27 NY2d 457, 463). Therefore, a right granted to Mirvish Productions, on behalf of which defendant David Mirvish executed the joint venture agreement, may be exercised by defendants as its corporate agents.

The attempt to distinguish officers and directors from the corporation they represent for the purposes of evading an arbitration provision is contrary to the established policy of this State (*Matter of Neirs-Folkes, Inc. [Drake Ins. Co.]*, 75 AD2d 787, 788, *affd* 53 NY2d 1038 [New York has a "strong public policy of encouraging, by judicial noninterference, an unfettered, voluntary arbitration system, where equity should be done"]) and the policy of the Federal courts. As we recently stated in *Olympia & York OLP Co. v Merrill Lynch, Pierce, Fenner & Smith* (214 AD2d 509, 511-512), "A party to a dispute governed by an arbitration agreement may not unilaterally evade the stipulated forum and litigate the controversy (*Rio Algom v Sammi Steel Co., supra*)." Similarly, in *Roby v Corporation of Lloyd's* (996 F2d 1353, 1360 [2d Cir], *cert denied* 510 US 945), the Federal Circuit Court held that an arbitration clause may be enforced by and against officers and agents of the corporate entity, noting, "If it were otherwise, it would be too easy to circumvent the agreement by naming individuals as defendants instead of the entity Agents themselves." In short, the courts will not permit a party to elevate form over substance to avoid an otherwise valid arbitration agreement governing the dispute. Concur—Rubin, J. P., Ellerin, Ross and Asch, JJ.