■ ERIC R. WAPNICK, Appellant-Respondent, v SEVEN PARK AVENUE CORPORATION, Respondent-Appellant. [658 NYS2d 604] —Order, Supreme Court, New York County (Charles Ramos, J.), entered July 30, 1996, which, insofar as appealed from by plaintiff, granted defendant's motion to dismiss the tenth cause of action, and, insofar as appealed from by defendant, denied its motion to dismiss the seventh, thirteenth and fifteenth causes of action with respect to the negligence claims asserted therein, unanimously reversed, on the law, without costs, the tenth cause of action reinstated and the seventh, thirteenth and fifteenth causes of action dismissed insofar as they allege negligence.

Plaintiff is a shareholder in defendant cooperative apartment corporation and the lessee of the proprietary lease for apartment 14D in the building owned by defendant. Plaintiff alleges numerous breaches of the proprietary lease relating to defendant's failure to make certain repairs and improvements, both in plaintiff's apartment and common areas of the building; with respect to these claims, as set forth in the seventh, thirteenth and fifteenth causes of action, plaintiff also asserts that defendant was negligent in its failure to perform the work specified. In the tenth cause of action, plaintiff alleges that defendant has violated Business Corporation Law § 501 (c) by conferring, in the proprietary lease and the corporation's by-laws, preferential treatment on original purchasers with respect to the imposition of certain fees and consent requirements relating to the shareholders' ability to move, sublet, or assign their lease or transfer their shares. Plaintiff appeals from the dismissal of the tenth cause of action, while defendant cross appeals from the denial of its motion to dismiss the

negligence claims asserted in the seventh, thirteenth and fifteenth causes of action.

At the outset, we find that the IAS Court did not err in finding that its denial of defendant's earlier motion to dismiss was not the law of the case, requiring dismissal of the instant motion, in light of the fact that the earlier decision was not on the merits (*see, Baldasano v Bank of N. Y.*, 199 AD2d 184, 185).

As to the tenth cause of action, we find that the IAS Court incorrectly concluded that Business Corporation Law § 501 (c) was inapplicable to plaintiff's claim, and we reinstate that cause of action. As a general matter, Business Corporation Law § 501 (c) prohibits unequal treatment of shareholders holding the same class of shares. Such prohibited unequal treatment includes—but for the single exception discussed below—the imposition of varying fees depending on whether a shareholder is an original or subsequent purchaser of shares (*see, Fe Bland v Two Trees Mgt. Co.*, 66 NY2d 556). In *Fe Bland*, the Court of Appeals was presented with a so-called "flip tax," or transfer fee, imposed upon the sale of shares, which was calculated according to whether the seller was an original or subsequent purchaser of shares. The Court found that while the governing documents of a cooperative corporation might lawfully provide for such a tax, the provision must comply with Business Corporation Law § 501 (c), which, at the time, mandated that "shares of the same class be equal *in all respects* to every other share of the class" (66 NY2d 556, 569, *supra* [emphasis added]).

In the wake of the *Fe Bland* decision, and to clarify the right of cooperative corporations to impose a flip tax, the statute was amended in 1986 (*see, Mogulescu v 255 W. 98th St. Owners Corp.*, 135 AD2d 32, *lv dismissed* 73 NY2d 868). The amendment provided a single exception to the blanket prohibition on unequal treatment in the following manner: "shares of the same class shall not be considered unequal because of variations in fees or charges payable to the corporation upon sale or transfer of shares and appurtenant proprietary leases that are provided for in proprietary leases, occupancy agreements or offering plans or properly approved amendments to the foregoing instruments." (Business Corporation Law § 501 [c], as amended by L 1986, ch 598, § 1.) Thus, while the amendment carved out a specific exception with respect to a flip tax on the sale of shares, if appropriately provided for, it in no way changed the statute's general mandate that shares of the same class be treated equally. Defendant's contention that variations in fees for subletting and assignment (as opposed to sale

of shares) are permissible under the statute so long as appropriately provided for in the instruments listed above is therefore incorrect. Similarly, the IAS Court was in error in finding that Business Corporation Law § 501 (c) applied only to sale of shares and was therefore inapplicable to plaintiff's claims regarding subletting and assignment of shares.

With respect to the negligence and gross negligence claims alleged in the seventh, thirteenth and fifteenth causes of action, concerning defendant's failure to perform certain work, we find that these claims should have been dismissed. Each of these claims is fundamentally no more than a breach of contract claim, and, absent the allegation of a duty owed by defendant independent of the contract (the proprietary lease), a valid cause of action for negligence is not stated (*Megaris Furs v Gimbel Bros.*, 172 AD2d 209; *see also, Hirschfeld Prods. v Mirvish*, 218 AD2d 567, 568, *affd* 88 NY2d 1054; *Winter v Beale, Lynch & Co.*, 198 AD2d 124, 125, *lv dismissed in part and denied in part* 83 NY2d 944). Moreover, we have previously found that there is no cause of action for "negligent performance of [a] contract" (*Megaris Furs v Gimbel Bros., supra*, at 211). *Palka v Servicemaster Mgt. Servs. Corp.* (83 NY2d 579), relied on by plaintiff, is not inconsistent with our result. *Palka* did not concern negligence claims as between parties to a contract, but addressed whether and under what circumstances a contracting party might be held to have assumed a duty to "noncontracting individuals" such that the latter could assert a viable cause of action for tort damages (83 NY2d, *supra*, at 589). Concur—Milonas, J. P., Ellerin, Nardelli, Williams and Mazzarelli, JJ.