OPINION OF THE COURT
Per Curiam.
Order dated July 31, 1996 and judgment entered August 1, 1996 modified only to the extent of increasing landlord’s recovery for rent to the principal sum of $246,116.69; as modified, order and judgment affirmed, with $25 costs to landlord cross appellant.
In granting judgment on landlord’s claim for porter wage escalation charges, Civil Court properly included vacation and sick days as components of the wage rate since, in defining the term "wage rate”, the wage clauses at issue specifically refer to sums paid for "vacations” and "other types of * * * benefits”. Thus, the wage rate includes not only hourly wages, but also various other benefits granted to porters which are deemed to be compensation or "sums paid”. Civil Court’s calculation of this portion of the escalation charges was reasonable and finds support in the testimony of the auditor employed by landlord’s managing agent. We further agree, for the reasons stated in the decision below, that the 23rd floor lease did not effect a change in the base year from 1984 to 1989, but merely adjusted the formula for calculating increases in basic annual rent effective January 15, 1989.
We modify only to the extent of including within the wage rate payments required to be made for Social Security, Federal unemployment insurance, and workers’ compensation. While the first sentence of the porter wage clauses indexes the wage rate to sums required to be paid "pursuant to a collective bargaining agreement”, the second sentence expressly incorporates these other components within the "wage rate” definition. The inclusion of these items more closely comports with the tenor and purpose of the wage rate, which "is intended to be a substitute comparative index of increased economic costs”. *993 Such costs or cost increases would reasonably include the legally mandated benefit payments in question. This interpretation also furthers the rule of construction that every provision of a contract is to be given force and effect (Muzak Corp. v Hotel Taft Corp., 1 NY2d 42, 46). We have increased landlord’s recovery accordingly and, in light of our disposition, tenant’s claim for recoupment of prior alleged "overpayments” has been rendered moot.
Tenant’s remaining arguments are without merit. There is no showing of any abuse of discretion in Civil Court’s supervision of disclosure in this proceeding. Nor was there any basis to stay entry of judgment for rent and additional rent until determination of tenant’s porter wage General Business Law § 349 claim pending in Supreme Court (see, 99 Realty Co. v Wall St. Transcript Corp., 165 Misc 2d 454 [App Term, 1st Dept]).*
Ostrau, P. J., McCooe and Davis, JJ., concur.

 The court notes that tenant’s General Business Law § 349 claim relating to electricity charges was dismissed by order of Supreme Court, New York County, filed June 5, 1996 (Lehner, J.)