■ DAVID B. LEE & COMPANY, INC., Respondent, v CHARLES J. RYAN, III, et al., Appellants. [698 NYS2d 377] —Order unanimously reversed on the law without costs, motion granted and cross motion denied in accordance with the following Memorandum: Plaintiff contractor and defendant property owners entered into a residential construction contract that contained a clause mandating arbitration of "[a]ll claims or disputes between the Contractor and the Owner arising out of or relating to the Contract Documents, or the breach thereof". After completion of the work, plaintiff's bill for payment of the alleged final installment due under the contract was not paid. Neither party filed a demand for arbitration, but plaintiff commenced this action against defendants pursuant to Lien Law article 3-A. The complaint alleges diversions of trust funds received by defendants from two mortgages, both recorded subsequent to the commencement of plaintiff's work on defendants' property

(*see,* Lien Law § 70 [5] [c]). In lieu of answer, defendants moved to stay the action and to compel arbitration under CPLR 7503 (b). Plaintiff cross-moved, *inter alia*, to stay arbitration and for class action certification pursuant to CPLR article 9. Supreme Court denied defendants' motion and granted plaintiff's cross motion. That was error.

The subject matter of this action is within the scope of the arbitration clause in the parties' contract (*see, Sisters of St. John the Baptist v Geraghty Constructor*, 67 NY2d 997; *General Mills v Steuben Foods*, 244 AD2d 868; *Olympia & York OLP Co. v Merrill Lynch, Pierce, Fenner & Smith*, 214 AD2d 509, 511). "This State has a 'strong public policy of encouraging, by judicial noninterference, an unfettered, voluntary arbitration system, where equity should be done'" (*Olympia & York OLP Co. v Merrill Lynch, Pierce, Fenner & Smith, supra*, at 511, quoting *Matter of Neirs-Folkes, Inc. [Drake Ins. Co.]*, 75 AD2d 787, 788, *affd* 53 NY2d 1038).

We reject plaintiff's contention that this Lien Law article 3-A action preempts the parties' contractual commitment to arbitrate. Although public policy precludes a contractual waiver of article 3-A remedies (*see, Conforti & Eisele v Salzstein & Co.*, 56 AD2d 292, 294-295; *Matter of Allerton Constr. Corp. v Fairway Apts. Corp.*, 26 AD2d 636, *lv denied* 18 NY2d 581), it does not vitiate the parties' agreement to arbitrate contractual disputes (*see, Strain & Son v Baranello & Sons*, 90 AD2d 924, 925-926). We therefore grant defendants' motion to compel arbitration and to stay the action pending the completion of arbitration upon condition that a demand for arbitration is filed and served within 20 days of service of a copy of the order of this Court with notice of entry. We further deny that part of plaintiff's cross motion seeking to stay arbitration.

The court also erred in granting that part of plaintiff's cross motion seeking to certify this action as a class action under CPLR 902 and for further relief under CPLR 903 and 904. That part of the cross motion was premature because it was made before the time for service of an answer had expired (*see,* CPLR 902; *People ex rel. Kaufmann v Goldman*, 86 Misc 2d 776; *Turner v Codd*, 85 Misc 2d 483). Therefore, the court should have either denied that part of the cross motion with leave to renew (*see, People ex rel. Kaufmann v Goldman, supra*) or disregarded the irregularity pursuant to CPLR 2001 and afforded defendants the opportunity to oppose that part of the cross motion on its merits (*see, Evans v City of Johnstown*, 96 Misc 2d 755, 772; *see generally, Becker v Empire of Am. Fed. Sav. Bank*, 155 AD2d 923, *lv dismissed* 75 NY2d 865; 3

Weinstein-Korn-Miller, NY Civ Prac ¶ 902.03). We therefore deny that part of plaintiff's cross motion seeking CPLR article 9 relief with leave to renew at the appropriate time. (Appeal from Order of Supreme Court, Onondaga County, Elliott, J.— Lien Law.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Callahan, JJ.