■ In the Matter of GLEN RAUCH SECURITIES, INC., et al., Respondents, v MARK B. WEINRAUB, Appellant. [768 NYS2d 611]—

Judgment, Supreme Court, New York County (Rosalyn Richter, J.), entered March 17, 2003, which granted the petition to confirm an arbitration award and denied respondent's motion to vacate the award, unanimously affirmed, with costs.

The arbitrators properly sanctioned respondent for his failure to comply with their order directing the production of documents by precluding the testimony of a witness and the introduction of evidence to which the undisclosed documents related. The policy of judicial noninterference with the arbitral process (*Matter of Neirs-Folkes, Inc. [Drake Ins. Co.]*, 75 AD2d 787, 788 [1980], *affd* 53 NY2d 1038 [1981]) requires the courts

to afford wide discretion to the arbitrators in procedural matters, which will not be restricted without a compelling reason (*see Avon Prods. v Solow*, 150 AD2d 236, 239-240 [1989]). A court will not "concern itself with the form or sufficiency of the evidence before the arbitrators or some departure from formal technicalities in the absence of a clear showing that statutory grounds exist for vacatur of the award" (*Korein v Rabin*, 29 AD2d 351, 356 [1968]; *see also Matter of Travelers Ins. Co. v Job*, 239 AD2d 289, 291-292 [1997]). Respondent has not shown that relevant public policy considerations bar imposition of the sanction of preclusion, or that the award is facially unenforceable (*Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 631 [1979]). It is evident that respondent availed himself of the brokerage services provided to him by petitioners, and he was appropriately held responsible for the debit balance in his account resulting from trading losses. Concur—Buckley, P.J., Sullivan, Ellerin, Williams and Gonzalez, JJ.