■ In the Matter of RICHARD KRAMER et al., Appellants, v COUNTY OF NASSAU, Respondent. [783 NYS2d 590]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitrator's award, in which the respondents cross-petitioned to vacate the award, the petitioners appeal from an order of the Supreme Court, Nassau County (Joseph, J.), dated June 30, 2003, which denied the petition, granted the cross petition, and remitted the matter to the arbitrator for further proceedings.

Ordered that the order is affirmed, with costs.

The Civil Service Employees Association, Inc. (hereinafter the CSEA), filed a grievance on behalf of Richard Kramer alleging that Kramer was wrongfully denied the position of Deputy Superintendent of Buildings in the Department of Public Works (hereinafter Deputy), in violation of section 12 of the collective

bargaining agreement. At the time Albert Arnedos was appointed Deputy, he had five years of experience while Kramer had approximately 22 years of experience.

After considering the briefs submitted, the arbitrator issued a decision dated March 23, 2002, which became final on April 22, 2002, in which he found, inter alia, that since there was no serious substantive question regarding Kramer's ability and adaptability in comparison with Arnedos, seniority dictated that Kramer be appointed Deputy.

The CSEA and Kramer petitioned to confirm the arbitration award (*see* CPLR 7510). The County cross-petitioned to vacate the award on the ground, inter alia, that the arbitrator exceeded his power based on the effect of *Ciambriello v County of Nassau* (292 F3d 307 [2002]), a decision issued by the United States Court of Appeals, Second Circuit, on June 4, 2002, shortly after the arbitration award became final. The Court in *Ciambriello* refused to grant full faith and credit to a confirmed arbitration award that was similar to the one at issue here because the individual who the County was seeking to remove from office pursuant to the award had not been given a full and fair opportunity to contest the prior decision, either in the arbitration or in the state court confirmation proceeding.

Accordingly, the Supreme Court properly vacated the arbitration award at issue and remitted the matter to the arbitrator for further proceedings at which Arnedos was to be provided with an opportunity to participate since compliance with the terms of the award without Arnedos having had the opportunity to be heard before his removal would result in the violation of a constitutionally-protected right (*see Matter of Apuzzo v County of Ulster,* 98 AD2d 869, 870 [1983], *affd* 62 NY2d 960 [1984]; *Matter of Meyers v Kinney Motors,* 32 AD2d 266 [1969]; *see also Matter of Sprinzen [Nomberg],* 46 NY2d 623, 631 [1979]).

In light of this decision, the remaining contentions of the parties need not be considered. Prudenti, P.J., Ritter, Cozier and Skelos, JJ., concur.