Matter of Capital Enters. Co. v Dworman (2019 NY Slip Op 08936)





Matter of Capital Enters. Co. v Dworman


2019 NY Slip Op 08936


Decided on December 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2019

Renwick, J.P., Gische, Mazzarelli, Moulton, JJ.


653961/16 -10554A 10554 10553

[*1] In re Capital Enterprises Co., Petitioner-Appellant,
v
Alvin Dworman, Respondent-Respondent.


Morrison Cohen LLP, New York (Y. David Scharf of counsel), for appellant.
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo P.C., New York (Christopher J. Sullivan of counsel), for respondent.



Orders, Supreme Court, New York County (Jennifer G. Schecter, J.), entered May 14, 2019, May 17, 2019, and July 19, 2019, which denied petitioner's motions to vacate certain orders issued by an arbitrator, unanimously reversed, on the law, with costs, and the orders vacated.
The arbitrator's orders were issued in connection with the sale process that followed the issuance of a partial final arbitral award (see Matter of Capital Enters. Co. v Dworman, 173 AD3d 466 [1st Dept 2019]). However, the orders are interlocutory and therefore not subject to judicial review (see Mobil Oil Indonesia v Asamera Oil [Indonesia], 43 NY2d 276, 281 [1977] ["before the court may ... even entertain a suit seeking court intervention, there must be an award' within the meaning of the statute"]; CPLR article 75). After the sale process has been concluded, when the properties have been sold and a final accounting rendered, petitioner may seek to vacate the final award (see Avon Prods. v Solow, 150 AD2d 236, 238-239 [1st Dept 1989]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 12, 2019
DEPUTY CLERK