Matter of Duncan v United Capital Fin. Advisors, LLC (2024 NY Slip Op 06123)

Matter of Duncan v United Capital Fin. Advisors, LLC

2024 NY Slip Op 06123

Decided on December 05, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 05, 2024

Before: Kern, J.P., Kapnick, Higgitt, O'Neill Levy, JJ. 

651542/24 Index No. 651542/24 651542/24 Appeal No. 3054&M-2024-04346M-2024-04358 Case No. 2024-03621 

[*1]In the Matter of Michael Scott Duncan, et al., Petitioners-Appellants,
v
United Capital Financial Advisors, LLC Respondent-Respondent.

Quinn Emanuel Urquhart & Sullivan, LLP, New York (William B. Adams of counsel), for appellants.
Weil, Gotshal & Manges LLP, New York (Gregory S. Silbert of counsel), for respondent.

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered on or about April 29, 2024, which denied petitioners' motion for preliminary and permanent injunctive relief and dismissed petitioners' CPLR article 75 petition to compel arbitration before the Financial Industry Regulatory Authority (FINRA) and enjoin proceedings commenced by respondent before the American Arbitration Association (AAA), unanimously reversed, on the law and the facts, without costs, the petition reinstated, the motion and petition granted, and respondent enjoined from proceeding with its claims against petitioners before AAA and directed to comply with any requirement to sign submission agreements in any reinstated or newly filed FINRA arbitration proceedings involving petitioners.
Petitioners, wealth advisors, are parties to agreements with nonparty Goldman Sachs & Co., a FINRA member, and its then affiliate, respondent United Capital Financial Advisors, LLC, which is not a FINRA member. The agreements contained arbitration clauses with the following language: "arbitration will be conducted in New York City before the rules then-obtaining of [FINRA]. If the matter is not arbitrable before FINRA, it will be arbitrated before the [AAA] in accordance with the commercial arbitration rules of AAA."
Goldman Sachs and United Capital, together, filed FINRA Arbitration Submission Agreements alleging that petitioners had violated their employment contracts (the FINRA Arbitrations). Thereafter, Goldman Sachs withdrew as a claimant from the FINRA Arbitrations, noting, "for avoidance of doubt," that United Capital was not withdrawing its claims at that time. On the same day, FINRA found that if Goldman Sachs "is removed as an active party," the FINRA Arbitrations "cannot proceed under the Industry Code pursuant to Rule 13200." It also advised that in that case, FINRA "will only continue to process this dispute if the parties meet the conditions" in its "Guidance on Disputes between Investors and Investment Advisers that are Not FINRA Members," which provides that FINRA will arbitrate disputes between non-member advisors and their former employees, on a case-by-case basis, if the parties submit a post-dispute agreement to arbitrate. United Capital informed FINRA that it did "not agree to arbitrate" the FINRA Arbitrations "in the FINRA Dispute Resolution Services forum" and would pursue them elsewhere. Thereafter, FINRA informed the parties that it had reviewed their submissions regarding jurisdiction and the use of FINRA's forum and that the director had decided that the FINRA Arbitrations had been "withdrawn without prejudice" pursuant to FINRA Rule 13702, closed the cases, and removed them from the docket.
Petitioners then initiated five new FINRA arbitrations asserting counterclaims against United Capital and Goldman Sachs, with submission agreements signed by petitioners, which FINRA accepted, docketed, and served. FINRA advised both United Capital and Goldman Sachs [*2]that the FINRA service of the claims was "mandatory," meaning that the parties were "required" by FINRA rules to arbitrate the new FINRA Arbitrations, including by answering the filings and signing submission agreements.
Thereafter, United Capital commenced arbitration proceedings against petitioners before the AAA. Petitioners then commenced this special proceeding, pursuant to CPLR 7503, to stay the AAA arbitration and to compel arbitration before FINRA.
The court denied petitioners' motion and dismissed the petition, finding that FINRA "seemingly declined to make its forum available to the parties' dispute . . . without obtaining [United Capital's] consent to proceed as a non-member," which supports the conclusion that "notwithstanding any pre-dispute agreement to arbitrate before FINRA . . . the parties' [present] claims are not presently 'arbitrable before' FINRA."
Petitioners' motion and petition should have been granted. Contrary to the court's conclusion, the record does not establish that the underlying disputes between non-member United Capital and its former employees are "not arbitrable before FINRA" within the meaning of the arbitration clause and should be brought before AAA. Even if FINRA's decisions made clear that petitioners' claims were not presently arbitrable before FINRA because United Capital had not signed submission agreements, there was no decision that the employment disputes, which are the type of claims that are routinely arbitrated before FINRA, are "not arbitrable before FINRA" within the meaning of the arbitration clause. Enabling a party that agreed to FINRA arbitration of employment disputes to unilaterally avoid that promise by refusing to consent to it would render that promise meaningless and illusory (see e.g. Olympia & York OLP Co. v Merrill Lynch, Pierce, Fenner & Smith , 214 AD2d 509, 511-512 [1st Dept 1995]).
Goldman Sachs's unilateral voluntary withdrawal, under FINRA Rule 13702, as a claimant in the FINRA Arbitrations that had been brought pursuant to Rule 13200(a), and FINRA's related "closing" of those employment matters after United Capital declined to sign new submission agreements required under Rule 13200, was an "administrative resolution" that dismissed the matters "without prejudice" under Rule 13702. However, this resolution does not support the conclusion that the employment disputes between United Capital and petitioners, as reasserted in the new FINRA Arbitrations, were "not arbitrable before FINRA" and had to go before AAA. FINRA made service on United Capital of the new arbitrations "mandatory," informing it that it was "required" to arbitrate the disputes. FINRA did not remove the mandatory status or otherwise address the issue until it removed United Capital as a party from the new arbitrations following the motion court's decision under appeal.
There has been no determination by FINRA, or anything in its rules, that indicates that United Capital, as a party to the arbitration clause [*3]requiring it to arbitrate employment disputes before FINRA, should not be compelled to fulfill that promise. Accordingly, United Capital should take the necessary steps (i.e., signing the submission agreements) for its reinstatement and participation in the pending, or newly filed, FINRA Arbitrations. At that juncture, FINRA can consider whether to accept the voluntary arbitrations, and, if it declines to exercise its discretion to hear them, then the matters are "not arbitrable before FINRA" within the meaning of the arbitration clause and would properly be brought before AAA.
We need not consider petitioners' additional argument that United Capital waived any objection to FINRA jurisdiction. If we did address the argument, we would find it unavailing.
Michael Scott Duncan et al. v United Capital Financial Advisors, LLC M-2024-04346 Motion by respondent for an order requiring petitioners to provide authority for a case cited in their brief, or to provide an explanation as to why the citation and related quotation were included in the appellate brief, denied.
M-2024-04358 Motion by petitioners for leave to file a corrected brief, denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 5, 2024