■ CYBEX INTERNATIONAL, INC., Appellant, v FUQUA ENTERPRISES, INC., et al., Respondents. [667 NYS2d 348] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered May 15, 1997, which denied petitioner's application for a stay of arbitration, unanimously affirmed, with costs.

We assume, contrary to the holding of the motion court, that

petitioner did not waive its right to seek a stay of arbitration, noting that its participation in arbitral discovery and in the selection of an arbitrator were done before it had received detailed specification of respondent's claims, and that once it did, it made timely attempts, including a motion before this Court, to stay the arbitration (*see, Matter of Commerce & Indus. Ins. Co. v Nester*, 90 NY2d 255, 264). Nevertheless, we affirm. The issue of arbitrability should be decided by the courts, not the arbitrator, the subject Asset Purchase Agreement being silent in that regard, and notwithstanding that the arbitrator may have rendered his own decision on the issue (*Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1, 5; *see, First Options v Kaplan*, 514 US 938, 944-945; *see also, Singer v Jefferies & Co.*, 78 NY2d 76). Upon review of the six disputed items petitioner claims are nonarbitrable, we find that all six are related to the calculation of the "Preliminary Asset Adjustment", which is a function of the Initial Balance Sheet as well as the Closing Balance Sheet, and are therefore arbitrable under the Asset Purchase Agreement, which does not provide a method of dispute resolution specifically for either balance sheet (*cf., Matter of Rockwell Intl. Corp. [BTR Dunlop]*, 192 AD2d 454; *compare, Matter of Melun Indus. [Strange]*, 898 F Supp 990). We have considered petitioner's other claims and find them to be without merit. Concur—Milonas, J. P., Mazzarelli, Andrias and Colabella, JJ.