■ SPENCER H. KIM, Respondent, v TRANSTAR METALS, INC., et al., Appellants. [726 NYS2d 87] —Order and judgment (one paper), Supreme Court, New York County (Michael Stallman,

J.), entered January 10, 2001, which, in a declaratory judgment action involving an arbitrator's authority in a dispute concerning a post-closing adjustment of the purchase price paid for a company's stock, insofar as appealed from, declared in favor of plaintiff, the sellers' representative, that the arbitrator has authority to adjust the pre-closing financial statement prepared by the purchased company as well as the post-closing financial statement prepared by the purchasing company, unanimously affirmed, with costs.

The subject stock purchase agreement provides for an adjustment of the purchase price based on a comparison of the purchased company's "net working capital" amounts taken from two financial statements, the first as of a date before the closing and prepared by the purchased company and the second as of closing date and prepared by the purchasing company. "[U]nresolved disputed items" in the post-closing statement were to be arbitrated before a designated accountant. When the post-closing amount turned out to be lower than the pre-closing "target" amount, defendant purchasing company demanded a downward modification of the purchase price. Plaintiff objected thereto, claiming, *inter alia*, that the decrease was the result of changes in accounting methodology employed by defendant in its post-closing statement to compensate for alleged errors in the pre-closing statement. The motion court correctly held that any valid comparison of the pre- and post-closing net working capital amounts necessarily requires consistency in the application of generally accepted accounting principles, as clearly contemplated by the agreement, and that attainment of such consistency necessarily requires that the arbitrator be able to make adjustments in both of the accounts (*see, Matter of Rockwell Intl. Corp. [BTR Dunlop]*, 192 AD2d 454). The dispute over whether the accounting standards used in the post-closing statement were the same as those used in the pre-closing statement is precisely the type of dispute that the agreement contemplates for arbitration (*see, Advanstar Communications v Beckley-Cardy, Inc.*, 1994 US Dist LEXIS 5955, *8-9, 1994 WL 176981, *3 [SD NY, May 6, 1994, 93 Civ 4230 (KTD)]). We have considered defendants' other arguments and find them unavailing. Concur—Nardelli, J. P., Tom, Mazzarelli, Saxe and Friedman, JJ.