■ In the Matter of WESTMORELAND COAL COMPANY, Respondent, v ENTECH, INC., Appellant. [744 NYS2d 326] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered January 17, 2002, which granted the petition pursuant to CPLR article 76 and directed that all objections to the subject closing date certificate are properly, and shall be, resolved by certain independent accountants, with related relief, unanimously affirmed, with costs.

The purchase price adjustment clause of the parties' stock purchase agreement unambiguously requires that any material objection to the closing date certificate be submitted to the independent accountants proceeding (see, Luxottica Group, S.p.A. v Bausch & Lomb Inc., 160 F Supp 2d 552, 554-555; Matter of Rockwell Intl. Corp. [BTR Dunlop], 192 AD2d 454, 457). Appellant seller would narrow the contract so that the purchase price adjustment clause applies only to changes between the interim financial statements and the closing date certificate (see, e.g., Matter of Melun Indus., Inc. [Strange], 898 F Supp 990, 993). However, absent clear, specific terms to that effect, we decline to find that respondent buyer agreed to limit the scope of the purchase price adjustment clause (see, Matter of Tax Foreclosure Action No. 39, 202 AD2d 328, 329). It is for the independent accountants to decide whether any individual objection is sufficiently "material" to warrant an adjustment, based on the documentation that will be taken by that panel (cf., Sisters of St. John the Baptist v Phillips R. Geraghty Constructor, 67 NY2d 997, 999). We have considered appellant's remaining arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Rosenberger, Ellerin and Rubin, JJ.