█ In the Matter of ROM REINSURANCE MANAGEMENT COMPANY, INC., et al., Appellants, v CONTINENTAL INSURANCE COMPANY, INC., as Successor to HARBOR INSURANCE COMPANY, Respondent. [8 NYS3d 569]—

Judgment, Supreme Court, New York County (Joan B. Lobis, J.), entered January 22, 2015, denying the petition to stay arbitration on statute of limitations grounds, and dismissing the proceeding brought pursuant to CPLR article 75, unanimously affirmed, with costs.

Petitioners participated in the arbitrator selection process, even though they were undoubtedly aware of their statute of limitations claim. Under these circumstances, the court correctly determined that petitioners participated in the arbitration and therefore are precluded from seeking a stay on statute of limitations grounds pursuant to CPLR 7503 (b) (see Matter of Allstate Ins. Co. v Khait, 227 AD2d 551 [2d Dept 1996]; compare Cybex Intl. v Fuqua Enters., 246 AD2d 316, 316-317 [1998] [the petitioner did not waive its right to seek a stay of arbitration by participating in arbitral discovery and the selection of an arbitrator before it had received detailed specification of the respondent's claims]). Although petitioners have waived their ability to have the courts determine the statute of limitations issue, the issue may be determined by the arbitrators.

We have considered petitioners' remaining arguments, including that this Court had previously determined the participation issue (see 115 AD3d 480 [1st Dept 2014]), and find them unavailing. Concur—Tom, J.P., Friedman, DeGrasse, Richter and Kapnick, JJ.