Matter of U.S. Specialty Ins. Co. v Navarro (2019 NY Slip Op 00841)





Matter of U.S. Specialty Ins. Co. v Navarro


2019 NY Slip Op 00841


Decided on February 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2019

Friedman, J.P., Mazzarelli, Webber, Kern, Oing, JJ.


8327N 260970/15

[*1] In re U.S. Specialty Insurance Company, Petitioner-Respondent,
v
C. Lee Navarro, Respondent-Appellant.


Shayne, Dachs, Sauer & Dachs, LLP, Mineola (Jonathan A. Dachs of counsel), for appellant.
Sokoloff Stern, LLP, Carle Place (Kiera J. Meehan of counsel), for respondent.



Order (denominated Decision/Order and Judgment), Supreme Court, Bronx County (Howard H. Sherman, J.), entered on or about October 10, 2017, which granted the petition to stay an arbitration between petitioner and respondent, unanimously affirmed, without costs.
Petitioner commenced this proceeding pursuant to CPLR article 75, seeking a permanent stay of an arbitration between petitioner and respondent involving respondent's claim for supplementary uninsured/underinsured motorist (hereinafter SUM) benefits under a policy issued by petitioner. Respondent does not challenge the court's determination that a police vehicle does not fall within the scope of SUM coverage under petitioner's policy (see Matter of State Farm Mut. Auto. Ins. Co. v Fitzgerald, 25 NY3d 799, 801 [2015]). Instead, respondent contends that petitioner is estopped from denying coverage because, among other things, petitioner did not deny or disclaim coverage until approximately four years after it first received notice of the claim.
The court properly determined that equitable estoppel may not be invoked to create coverage in this case, since respondent was not insured under the policy in the first instance (see Matter of Progressive Ins. Co. v Dillon, 68 AD3d 448, 448 [1st Dept 2009]; Wausau Ins. Cos. v Feldman, 213 AD2d 179, 180 [1st Dept 1995]; Matter of U.S. Specialty Ins. Co. [Denardo], 151 AD3d 1520, 1523-1524 [3d Dept 2017], lv denied 30 NY3d 904 [2017]; Ward v County of Allegany, 34 AD3d 1288, 1290 [4th Dept 2006]). Moreover, petitioner's denial or disclaimer of coverage was not untimely, since a disclaimer is unnecessary where, as here, the claim falls outside of the coverage terms rather than being subject to a policy exclusion (see Zappone v Home Ins. Co., 55 NY2d 131, 134 [1982]; Markevics v Liberty Mut. Ins. Co., 97 NY2d 646, 648-649 [2001]; Denardo, 151 AD3d at 1524). Since the denial of coverage is based on noncoverage rather than an exclusion or defense, the denial was not untimely.
Finally, petitioner's minimal involvement in the arbitration process following service of the demand for arbitration was insufficient to constitute a waiver of its right to seek a judicial determination of the arbitrability of the SUM coverage dispute (see Matter of Arc Elec. & Mech. Contrs. Corp. v Invensys Bldg. Sys., 2 AD3d 314, 317 [1st Dept 2003]; Cybex Intl. v Fuqua [*2]Enters., 246 AD2d 316, 317 [1st Dept 1998]; Matter of County of Broome {Truesdell], 122 AD2d 314, 315 [3d Dept 1986]).
We have considered respondent's other arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 5, 2019
CLERK