Matter of Employers Ins. Co. of Wausau v Dominion Ins. Receivable LLC (2024 NY Slip Op 05278)

Matter of Employers Ins. Co. of Wausau v Dominion Ins. Receivable LLC

2024 NY Slip Op 05278

Decided on October 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2024

Before: Oing, J.P., Singh, Gesmer, González, Pitt-Burke, JJ. 

Index No. 653628/22 Appeal No. 2878 Case No. 2023-03690 

[*1]In the Matter of Employers Insurance Company of Wausau, Petitioner-Appellant,
v
Dominion Insurance Receivable LLC, Respondent-Respondent.

Gerber Ciano Kelly Brady LLP, Albany (Matthew S. Lerner of counsel), and Larson King, LLP, St. Paul, MN (Michael J. Steinlage of the bar of the State of Minnesota, admitted pro hac vice, of counsel), for appellant.
Calinoff & Katz LLP, New York (Robert A. Calinoff of counsel), for respondent.

Order, Supreme Court, New York County (Margaret Chan, J.), entered on or about June 21, 2023, which denied the petition seeking a stay of an arbitration initiated by respondent, a declaration that the arbitration was governed by an assignment agreement subjecting the dispute to the exclusive jurisdiction of Supreme Court, a declaration finding the respondent is not entitled to assert a recoverables claim against petitioner, and a declaration that the claim for recoverables is barred by the statute of limitations, and granted respondent's cross-motion to compel the arbitration, unanimously affirmed, with costs.
The court properly concluded that petitioner participated in the subject arbitration and is therefore precluded from seeking a stay pursuant to CPLR 7503(b) (see Matter of ROM Reins. Mgt. Co., Inc. v Continental Ins. Co., Inc., 128 AD3d 570, 570 [1st Dept 2015]; Matter of North River Ins. Co. [Morgan], 291 AD2d 230, 233 [1st Dept 2002]). We note that in addition to selecting an arbitrator, petitioner also engaged in other conduct manifesting a preference inconsistent with its subsequent effort to stay arbitration, including, among other things, negotiating an agreement governing some of the arbitration procedures and representing to respondent that the arbitrators could proceed to selecting an umpire if the parties' attempts at resolution were unsuccessful. The merits of petitioner's arguments, including the timeliness of respondent's claim and petitioner's contention that respondent lacks standing since no claims against petitioner were assigned to it, are matters which may be addressed in the arbitration proceeding (see CPLR 7501; Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d 132, 142 [1999]; Matter of ROM Reins. Mgt. Co. at 570).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2024