■ RIO ALGOM, INC. et al., Respondents, v SAMMI STEEL CO., LTD., et al., Appellants.—Order of the Supreme Court, New York County (Irma Santaella, J.), entered May 25, 1990, which granted plaintiffs' motion to stay arbitration and denied defendants' cross motion to compel arbitration and stay the underlying action (CPLR 7503), unanimously reversed, on the law, the motion denied and the cross motion granted, without costs.

Defendants entered into a contract to acquire two steel mills owned by plaintiffs and operated as a subsidiary, Al Tech Specialty Steel Corporation. The contract of sale provides for adjustment of the purchase price on the basis of the net income to Al Tech for the period from January 1, 1989 through the date of the closing, August 1, 1989. The adjustment is to be calculated from financial statements furnished to defendants by Deloitte Haskins & Sells based upon its independent audit of the subsidiary.

Following submission of the financial statements, a dispute arose concerning the inclusion of an estimated accrual for environmental liabilities in the amount of $18.7 million which Al Tech believed to be required under Generally Accepted Accounting Principles, Statement of Financial Accounting Standard No. 5 and which plaintiffs sought to have removed. In response to notice that plaintiffs were preparing their own financial statements, defendants advised them that the submitted statements were in conformity with their agreement and that, pursuant to section 2.5 (d) thereof, plaintiffs had 15 days to serve a " 'Notice of Dispute' " with respect to any challenged item. After several extensions at plaintiffs' request, the Notice of Dispute was received. Defendants then informed plaintiffs that, pursuant to section 2.5 (e) of the agreement, any dispute which cannot be resolved within 15 days is to be submitted to a third-party auditor whose decision is final and binding upon the parties. Again, at plaintiffs' request, defendants extended the time in which to comply with this provision at the end of which plaintiffs, instead of referring the dispute to the third-party auditor, commenced the underlying action.

It is evident that plaintiffs' action seeks to remove from the designated arbitrator the issue of whether the $18.7 million accrual was properly included in the financial statements in accordance with generally accepted accounting principles.

This dispute falls squarely within the purview of the arbitration provision incorporated into the purchase agreement. The right of a party to relief under a substantive provision of the contract is not a proper consideration for the court upon an application to stay arbitration *(Matter of Franklin Cent. School [Franklin Teachers Assn.],* 51 NY2d 348, 355), that question being a matter for resolution by the arbitrator *(Board of Educ. v Barni,* 49 NY2d 311, 314-315). As we have consistently held, the court's inquiry is limited to whether or not the dispute is encompassed by the governing arbitration provision, while interpretation of the provisions of the contract is for the arbitrator *(Matter of Denihan [Denihan],* 119 AD2d 144, 149; *Brown v V&R Adv.,* 112 AD2d 856, 861). Therefore, Supreme Court's assessment of the propriety of the inclusion of the disputed environmental claim in the financial statements is not material to the determination of the motions before it.

The policy of this State is to favor and encourage arbitration as a means of expediting the resolution of disputes and conserving judicial resources *(Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co.,* 37 NY2d 91, 95). Where the parties have chosen arbitration as their forum, they are precluded "from using the courts as a vehicle to protract litigation" *(Matter of Weinrott [Carp],* 32 NY2d 190, 199). The parties have designated an arbitrator to determine their dispute, and the courts will avoid interference with their selection of forum *(Matter of Siegel [Lewis],* 40 NY2d 687, 689). Concur—Kupferman, J. P., Sullivan, Milonas, Ellerin and Rubin, JJ.