(March 23, 1993)

■ GG Managers, Inc., Respondent-Appellant, v Fidata Trust Company New York et al., Appellants-Respondents. [595 NYS2d 317] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered on December 10, 1991, unanimously affirmed for the reasons stated by Cohen, J., with costs and disbursements. No opinion. Concur—Murphy, P. J., Carro, Kupferman, Asch and Kassal, JJ.

■ Moen Incorporated, Appellant, v Stanadyne Partners et al., Respondents. [595 NYS2d 189] —Order, Supreme Court, New York County (Beverly S. Cohen, J.), entered October 28, 1992, which denied plaintiff's motion for a stay of arbitration and granted defendants' cross motion to compel arbitration, unanimously affirmed, with costs.

Arbitration, properly directed pursuant to section 9.02 of the parties' agreement, provides for the submission of all environmental matters arising after closing to a designated arbitrator to determine "the scope and estimated cost" of any environmental cleanup or remediation needed. The dispute in question here is environmental in nature and falls squarely within that section. "As we have consistently held, the court's inquiry is limited to whether or not the dispute is encompassed by the governing arbitration provision, while interpretation of the provisions of the contract is for the arbitrator" (Rio Algom v Sammi Steel Co., 168 AD2d 250, 251, lv denied 78 NY2d 853). Plaintiff's request for a declaratory judgment as to whether certain claimed items of an environmental nature constitute breaches of the contract would, in effect, have this Court substitute its judgment for that of the arbitrator. Concur—Murphy, P. J., Carro, Rosenberger, Ross and Kassal, JJ.