(April 17, 2007)

■ In the Matter of Houda Chawki, Respondent, v New York City Department of Education, Manhattan High Schools, District 71, Appellant. [833 NYS2d 472]—

Order and judgment (one paper), Supreme Court, New York County (Richard F. Braun, J.), entered December 23, 2005,

which granted petitioner's application to vacate an arbitration award and directed that any rehearing be conducted before a three-member arbitration panel, unanimously reversed, on the law, without costs, the award confirmed and the petition dismissed.

Charges and specifications were preferred by respondent Department of Education (DOE) against petitioner, a tenured high school teacher, for excessive absences and lateness, inappropriate behavior and unsatisfactory teaching evaluations (Education Law § 3020-a). On October 17, 2002, petitioner was served with notice of the charges and the maximum penalty (dismissal) and apprised of the requirement to request a hearing within 10 days. Enclosed with the notices were copies of Education Law §§ 3020, 3020-a and 2590-j, State Education Department Commissioner's Regulations (8 NYCRR) subpart 82-1, and Appendix C of the collective bargaining agreement between the DOE and the United Federation of Teachers (UFT). Education Law § 3020-a (2) (c) provides that a tenured teacher in receipt of notice of charges involving pedagogical incompetence must, within 10 days, submit written notice that a hearing on the charges is sought and indicate whether a single arbitrator or a panel of three arbitrators is desired. On October 18, petitioner requested a hearing by submitting form 3020-a-2, a document that does not address the preference as to the composition of the panel. It was not until October 30 that petitioner sent a letter to the Commissioner of Education requesting that the matter be heard by a panel of three arbitrators and stating that she would represent herself in the proceedings.

In early November, the arbitrator notified petitioner that he was the Hearing Officer appointed to hear the charges against her and that a prehearing conference was scheduled for November 15. In response, petitioner protested that she had been provided with an illegible copy of Education Law §§ 3020 and 3020-a and would be unable to adhere to the proposed schedule. The arbitrator rescheduled the prehearing conference to December 2 to afford petitioner time to consult with counsel, a step he recommended, with the hearing to follow immediately. He further warned petitioner that additional postponements would not be approved without "proof of the most compelling circumstances," and that failure to appear would result in the proceedings being conducted in her absence. Petitioner responded with another request for a three-member arbitration panel, stating that she had only received a legible copy of the pertinent Education Law provisions on November 19 and that her present request was timely as measured from that date. She

was promptly reminded that the arbitrator was the designated Hearing Officer and that the proceedings would be conducted as scheduled.

On November 30, 2002, petitioner composed a letter stating that she would not be able to attend the December 2 prehearing conference because the attorney provided by the UFT to represent her in a federal action against the Board of Education would be filing a motion in Eastern District Court for a temporary restraining order staying arbitration. However, on the appointed date, petitioner appeared at the conference, without counsel, and informed the arbitrator that she was present solely for the purpose of delivering the letter and not to attend the scheduled hearing. Her presence and purpose were noted on the record, and the arbitration hearing proceeded in her absence on December 2 and 3. The record does not disclose the results of the purported application for injunctive relief made in District Court.

The arbitrator issued a 35-page decision sustaining virtually all charges preferred against petitioner. Shortly thereafter, her employment was terminated by respondent, effective immediately. This proceeding to vacate the award followed. Petitioner claimed that the arbitrator failed to follow the procedure of CPLR article 75 and engaged in misconduct. Specifically, she noted that the minutes fail to reflect that the arbitrator was ever sworn (CPLR 7506 [a]), that she was deprived of her right to a hearing before a panel of three arbitrators and that the arbitrator failed to adjourn the proceedings to provide her with sufficient time to confer with counsel and to review evidentiary materials.

Respondent answered, in substance, that petitioner's request for a three-member arbitration panel was untimely and that no oath is required by an arbitrator under Education Law § 3020. Further, respondent argued that even if an oath were required, it was waived by the failure to interpose any objection to the manner in which the proceedings were conducted.

Supreme Court vacated the award, agreeing with petitioner that her request for a three-member arbitration panel was made within 10 days of her receipt of legible copies of the pertinent sections of the Education Law. The court also held that the arbitrator was not properly sworn in accordance with CPLR 7506 (a) and that petitioner had not waived the requirement. We disagree.

CPLR 7506 (c) provides, "Notwithstanding the failure of a party duly notified to appear, the arbitrator may hear and determine the controversy upon the evidence produced." There

is no question that petitioner received adequate notice of the proceedings and actually appeared on the hearing date. The only question of arbitral misconduct (CPLR 7511 [b] [1] [i]) concerns the denial of an adjournment (CPLR 7506 [b]), a matter that lies in the sound exercise of the arbitrator's discretion, which will only be disturbed if abused (*Matter of Bevona [Superior Maintenance Co.]*, 204 AD2d 136, 139 [1994]). Petitioner was duly advised that the matter would be heard as scheduled and warned that adjournment would require compelling circumstances. The six weeks between the time petitioner received notice of the charges against her and the date proceedings commenced afforded ample time to prepare for the hearing and consult counsel. Thus, adjournment was appropriately denied (*see Matter of Herskovitz [Kaye Assoc.]*, 170 AD2d 272, 274-275 [1991], *lv dismissed* 78 NY2d 899 [1991]).

As to the composition of the panel, the requirement to file a request for a three-member arbitration panel within 10 days is set forth in Education Law § 3020-a (2) (c) and in Commissioner's Regulations § 82-1.4. In the copy of each document initially served upon petitioner, the pertinent provision is plainly legible. Thus, her request was untimely, and the matter was properly heard by a single arbitrator.

Petitioner's assertion that the Hearing Officer was not sworn in accordance with CPLR 7506 (a) is disputed by respondent. In any event, this Court has ruled that the failure of an arbitrator to take an oath is "a technical irregularity not warranting judicial intervention" (*Matter of Institute of Intl. Educ. [Permanent Mission of Spain to United Nations]*, 118 AD2d 433, 435 [1986], *lv denied* 68 NY2d 608 [1986]). Unjustified refusal to participate in an arbitration hearing does not afford a basis for attack upon an award rendered on default (CPLR 7506 [c]) and may not be utilized to frustrate this State's "strong public policy of encouraging, by judicial noninterference, an unfettered, voluntary arbitration system, where equity should be done" (*Matter of Neirs-Folkes, Inc. [Drake Ins. Co. of N.Y.]*, 75 AD2d 787, 788 [1980], *affd on other grounds* 53 NY2d 1038 [1981]).

Petitioner's request of September 27, 2006 to further address matters raised on oral argument is denied. Concur—Tom, J.P., Saxe, Friedman, Sullivan and McGuire, JJ.