■ In the Matter of GENE DeMartino, Respondent, v New York City Department of Transportation et al., Appellants. [890 NYS2d 7]—

Judgment, Supreme Court, New York County (Joan B. Lobis, J.), entered February 19, 2009, confirming an arbitration award, unanimously affirmed, without costs.

By proceeding to arbitration without moving for a stay, respondents waived their current claims that petitioner failed to comply with the conditions precedent to arbitration, i.e., had no right to arbitrate (*see Matter of Commerce & Indus. Ins. Co. v Nester*, 90 NY2d 255, 261-262 [1997]), and that the arbitrator lacked jurisdiction to decide the dispute (*see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 79, 83 [2003]). We note that respondents agreed to let the arbitrator frame the issue to be decided.

Respondents argued to the arbitrator that she should give preclusive effect to the prior determination of an administrative law judge (ALJ) that two 1998 stipulations involving an employee represented by petitioner's union did not have to be expunged; the arbitrator implicitly rejected this argument. The arbitrator's rejection of respondents' collateral estoppel argument was not irrational; the employee specifically declined to argue the merits of the expungement issue before the ALJ, told the ALJ that he was going to argue expungement in the arbitration, and asked the ALJ to postpone his hearing pending arbitration.

The arbitrator's determination that the 1998 proceedings constituted informal discipline within the meaning of New York City Executive Order No. 16 of 1978 was not irrational. Each of the 1998 stipulations clearly states that the employee "agrees to resolve this matter *without the necessity of formal disciplinary charges*." Furthermore, consistent with section 6 (b) (i) of Executive Order No. 16, the employee accepted a predetermined penalty.

Respondents' argument that the arbitrator misinterpreted the parties' agreement is unavailing. " '[I]t is not for the courts to interpret the substantive conditions of the contract . . .' This is true 'even where "the apparent, or even the plain, meaning of the words" of the contract has been disregarded' " (*United Fedn. of Teachers*, 1 NY3d at 82-83 [citations omitted]).

Contrary to respondents' claim, the arbitrator did not exceed

her power. Section 5 (e) of New York City Executive Order No. 83 of 1973 gives an arbitrator the power to interpret and apply rules and regulations. The arbitrator's determination that respondent New York City Department of Transportation (DOT) violated Executive Order No. 16 by not expunging the 1998 stipulations and test results was an interpretation of a rule or regulation. Similarly, her determination that DOT violated its controlled substance and alcohol abuse policy for holders of a commercial driver's license by terminating the employee (whom the arbitrator rationally deemed a first-time offender) instead of offering him the opportunity to participate in a substance abuse program was an interpretation of a rule or regulation. The arbitrator's order that DOT reinstate the employee and offer him the chance to participate in a substance abuse program was an application of a rule or regulation.

The arbitrator's order to reinstate the employee did not violate public policy (see Matter of Local 333, United Mar. Div., Intl. Longshoreman's Assn., AFL-CIO v New York City Dept. of Transp., 35 AD3d 211 [2006], lv denied 9 NY3d 805 [2007]). "[T]he scope of the public policy exception to an arbitrator's power to resolve disputes is extremely narrow" (United Fedn. of Teachers, 1 NY3d at 80). "Judicial restraint under the public policy exception is particularly appropriate in arbitrations pursuant to public employment collective bargaining agreements" (Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO, 99 NY2d 1, 7 [2002]).

We have considered respondents' remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Nardelli, Buckley and Richter, JJ. [See 22 Misc 3d 1117(A), 2009 NY Slip Op 50169(U).]