■ OLGA BATYREVA, Appellant, v N.Y.C. DEPARTMENT OF EDUCATION, Respondent. [946 NYS2d 856]—

Judgment, Supreme Court, New York County (Saliann Scarpulla, J.), entered June 22, 2010, denying the petition to vacate an arbitration award, dated November 24, 2009, which found that respondent had just cause to terminate petitioner, and dismissing the proceeding brought pursuant to CPLR article 75, unanimously affirmed, without costs.

The award was made in accord with due process, is supported by adequate evidence, is rational and is not arbitrary and capricious (*see Lackow v Department of Educ. [or "Board"] of City of N.Y.*, 51 AD3d 563, 567-568 [2008]). Each of the sustained specifications was well supported by both documentary evidence and witness testimony.

Petitioner failed to meet the high burden of showing, by clear and convincing evidence, that the hearing officer was partial (*see Matter of Infosafe Sys. [International Dev. Partners]*, 228 AD2d 272 [1996]). We find no basis in the record to support a finding of partiality. To the extent petitioner's contention is premised upon the hearing officer's credibility determinations, her arguments are unavailing because she failed to show that the hearing officer's credibility findings evince a bias against her.

We reject petitioner's contention that the penalty of termination is unwarranted and shocks the conscience. Not only does the high volume of sustained specifications of misconduct, standing alone, justify termination (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 240 [1974]), but also, petitioner's repeated unsuccessful attempts to cast re-

spondent, the witnesses, the hearing officer, a federal judge, and a Supreme Court Justice as somehow biased against her tend to show her "failure to take responsibility for her actions" (*see Cipollaro v New York City Dept. of Educ.*, 83 AD3d 543, 544 [2011]; *City School Dist. of the City of N.Y. v McGraham*, 17 NY3d 917, 920 [2011]). Concur—Tom, J.P., Andrias, Saxe, Moskowitz and Acosta, JJ.