■ JEANNINE STOYER-RIVERA, Appellant, v NEW YORK CITY BOARD/DEPARTMENT OF EDUCATION, Respondent. [955 NYS2d 517]—

The court properly found that the hearing officer's determination was supported by adequate evidence, was rational and neither arbitrary nor capricious (*see Lackow v Department of Educ. [or "Board"] of City of N.Y.*, 51 AD3d 563, 567-568 [1st Dept 2008]). The sustained specifications were supported by the injured student's testimony, along with the written statements from other student witnesses who corroborated the injured student's version of events, and the testimonial and physical evidence regarding the injured state of the student's ear.

The arbitration award, which imposed a penalty of a $10,000 fine upon petitioner was not "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974] [citations and internal quotation marks omitted]; *see also Batyreva v N.Y.C. Dept. of Educ.*, 95 AD3d 792 [1st Dept 2012]).

Petitioner's claim that her due process rights were violated is unpreserved for our review (*see Green v New York City Police Dept.*, 34 AD3d 262, 263 [1st Dept 2006]), and we decline to review it in the interests of justice. Were we to consider this claim, we would find that it lacks merit, since the award was made in accord with due process.

We have considered petitioner's remaining contentions and find them to be unavailing. Concur—Tom, J.P., Sweeny, DeGrasse, Manzanet-Daniels and Clark, JJ.