■ EidosMedia Inc., Appellant, v Citigroup Technology, Inc., Also Known as Citi Technology Inc., Respondent. [32 NYS3d 505]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered January 28, 2016, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, with costs, and the motion denied. Appeal from decision, same court and Justice, entered November 10, 2015, unanimously dismissed, without costs, as taken from a nonappealable paper.

Defendant argues that plaintiff failed to comply with a notice requirement in the parties' agreements for the licensing of plaintiff's software that amounted to a condition precedent to the triggering of defendant's obligation under the agreements.

We find, contrary to the motion court, that the provisions on which defendant relies do not establish a condition precedent. One provision requires notice, given by plaintiff, upon the completion of installation of the software, but only if it is designated as the "[p]arty responsible for installing the Software." The other states that defendant can begin testing the software after it has been successfully installed, regardless of who installs it, and makes no reference to any required notice. These provisions, which concern different events, and lack any referential or clear conditional language, cannot be read together to create a condition precedent that results in a forfeiture (*see Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.*, 86 NY2d 685, 690 [1995]).

In any event, the record presents issues of fact as to whether plaintiff provided the required notice and whether defendant waived any complaint as to the time or form of the notice by proceeding with testing (*see e.g. Morrisania Towers Hous. Co. LP v Lexington Ins. Co.*, 104 AD3d 591 [1st Dept 2013]; *Matter of DeMartino v New York City Dept. of Transp.*, 67 AD3d 479 [1st Dept 2009]).

Issues of fact also preclude the summary dismissal of the second cause of action, which alleges that defendant breached a contract separate from the above-mentioned agreements by refusing to pay an amount due for work performed. Concur—Mazzarelli, J.P., Andrias, Saxe, Gische, Kahn, JJ.