■ In the Matter of ROSEMARIE SYLVESTER, Appellant, v NEW YORK CITY BOARD OF EDUCATION, Respondent. [43 NYS3d 37]—

Order and judgment (one paper), Supreme Court, New York County (Shlomo S. Hagler, J.), entered December 18, 2014, which denied the petition to vacate an arbitration award finding, inter alia, that petitioner inflicted corporal punishment on a special education student and imposing a $10,000 fine, and dismissed the proceeding brought pursuant to CPLR article 75 and Education Law § 3020-a, unanimously affirmed, without costs.

The Hearing Officer's determination was supported by adequate evidence, was rational, and was not arbitrary and capricious (*see generally Lackow v Department of Educ. [or "Board"] of City of N.Y.*, 51 AD3d 563, 567-568 [1st Dept 2008]). The sustained specifications were supported by the testimony and written statements from four school employees who testi-

fied to the injured student's account of the incident, and that a red mark was observed on the student's cheek. The record also showed that petitioner, during a formal classroom observation, exhibited poor planning and ineffective teaching. Petitioner was also habitually late, and admittedly used inappropriate language.

Petitioner's due process rights were not violated because she was provided with notice, an appropriate hearing, and the opportunity to present evidence and cross-examine witnesses (*see Matter of Ajeleye v New York City Dept. of Educ.*, 112 AD3d 425 [1st Dept 2013]). Nor did petitioner sustain her burden of demonstrating bias or misconduct by the Hearing Officer (*see Batyreva v N.Y.C. Dept. of Educ.*, 95 AD3d 792 [1st Dept 2012]).

The arbitration award, which imposed a $10,000 fine upon petitioner, does not shock our sense of fairness (*see e.g. Stoyer-Rivera v New York City Bd./Dept. of Educ.*, 101 AD3d 584 [1st Dept 2012]).

We have considered petitioner's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Acosta, Andrias and Moskowitz, JJ.