Matter of March v New York City Bd./Dept. of Educ. (2018 NY Slip Op 00335)





Matter of March v New York City Bd./Dept. of Educ.


2018 NY Slip Op 00335


Decided on January 18, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 18, 2018

Acosta, P.J., Sweeny, Gische, Andrias, Gesmer, JJ.,


5477 651642/16

[*1]In re Paul March, Petitioner-Appellant,
v
New York City Board/Department of Education, Respondent-Respondent.


Paul March, appellant pro se.
Zachary W. Carter, Corporation Counsel, New York (Ellen Ravitch of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Manuel J. Mendez, J.), entered October 5, 2016, granting respondent's cross motion to dismiss the petition brought pursuant to CPLR article 75 to vacate an opinion and award terminating petitioner's employment as a teacher, unanimously affirmed, without costs.
The court properly found that the award was not arbitrary and capricious, and was supported by the evidence. The Hearing Officer engaged in an analysis of the facts and circumstances, evaluated witness credibility, and arrived at a reasoned conclusion. Petitioner's due process rights were not violated; he was provided with notice, an appropriate hearing, and the opportunity to present evidence and cross-examine witnesses (see Matter of Kingsley v Redevco Corp., 61 NY2d 714 [1984]; see also Matter of Chawki v New York City Dept. of Educ., Manhattan High Schools, Dist. 71, 39 AD3d 321, 323-324 [1st Dept 2001], lv denied 9 NY3d 810 [2007]), which he declined. The Hearing Officer's decision to deny any adjournment of the hearing to accommodate respondent's counsel was within the Hearing Officer's discretion under the parties collective bargaining agreement.
Petitioner failed to sustain his burden of demonstrating bias or misconduct by the Hearing Officer. Moreover, there is no support for petitioner's claims that the Hearing Officer conspired with respondent to deprive him of an opportunity to be heard, and issued a biased and unfair decision against him (see Matter of Che Lin Tsao v Kelly, 28 AD3d 320 [1st Dept 2006]).
The penalty of termination does not shock our sense of fairness, as the record shows that respondent provided petitioner with assistance and numerous opportunities, over a lengthy period of time, to improve his skills. The Hearing Officer's conclusion that petitioner was either unable or unwilling to adjust his teaching methods to comply with the suggestions and strategies provided to him is supported by the evidence (see e.g. Matter of Benjamin v New York City Bd./Dept. of Educ., 105 AD3d 677 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 18, 2018
CLERK