MPEG LA, L.L.C. v Toshiba Am. Info. Sys., Inc. (2018 NY Slip Op 03210)





MPEG LA, L.L.C. v Toshiba Am. Info. Sys., Inc.


2018 NY Slip Op 03210


Decided on May 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2018

Acosta, P.J., Friedman, Manzanet-Daniels, Kapnick, Kern, JJ.


6457 162716/15

[*1]MPEG LA, L.L.C., Plaintiff-Appellant,
v
Toshiba America Information Systems, Inc., Defendant, Toshiba Corp., Defendant-Respondent.


Windels Marx Lane & Mittendorf, LLP, New York (John D. Holden of counsel), for appellant.
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Atlanta, GA (Benjamin R. Schlesinger of the bar of the State of Georgia, admitted pro hac vice, of counsel), Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Washington, DC (Doris Johnson Hines of the bar of the District of Columbia, admitted pro hac vice, of counsel), and Gibbons P.C., New York (William P. Deni Jr. of counsel), for respondent.



Order, Supreme Court, New York County (Charles E. Ramos, J.), entered September 1, 2017, which granted defendant Toshiba Corp.'s motion for summary judgment dismissing the breach of contract cause of action against it, unanimously affirmed, with costs.
The claim that Toshiba under-reported and underpaid royalties under the parties' license agreement was correctly dismissed because plaintiff failed to comply with the agreement's audit provision, a condition precedent to suit (see e.g. Rio Algom v Sammi Steel Co. , 168 AD2d 250 [1st Dept 1990], lv denied 78 NY2d 853 [1991]).
Plaintiff's contention that Toshiba did not comply with a certification requirement contained in the license agreement is unpreserved and, in any event, unavailing. Plaintiff seeks not to compel certification but to recover for under-reporting and underpayment of royalties, and that claim, as indicated, is premature absent an audit.
Plaintiff's argument that the parties' actions and informal understandings of the mechanics of the audit procedures demonstrate that it would have been futile to pursue an audit relies on parol evidence and therefore is foreclosed by the license agreement's general merger clause (see Matter of Primex Intl. Corp. v Wal-Mart Stores , 89 NY2d 594, 599-600 [1997]). Plaintiff's contention that its informal efforts to commence an audit complied with the license agreement's notification procedures is without merit. It is undisputed that plaintiff did not [*2]comply with the clear notice provisions set forth in the agreement.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 3, 2018
CLERK