Matter of Martin v Department of Educ. of the City of N.Y. (2018 NY Slip Op 09018)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Martin v Department of Educ. of the City of N.Y.

2018 NY Slip Op 09018

Decided on December 27, 2018

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2018
Friedman, J.P., Sweeny, Kapnick, Kahn, Singh, JJ.


7926 652851/15

[*1]In re Lorna Martin, Petitioner-Appellant,
vThe Department of Education of the City of New York, etc., Respondent-Respondent, The State of New York, Respondent.

Stewart Lee Karlin Law Group, PC, New York (Stewart Lee Karlin of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Nwamaka Ejebe of counsel), for respondent.

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered January 27, 2017, which granted the cross motion of respondent Department of Education (DOE) to dismiss the petition to vacate an arbitration award terminating petitioner's employment, unanimously affirmed, without costs.
The petition is untimely, since plaintiff failed to commence this CPLR article 75 proceeding within 10 days of her receipt of the Hearing Officer's decision (Education Law § 3020-a[5][a]).
Although the hearing was not completed within 125 days (Education Law § 3020-a[3][c][vii]) and the arbitration award was not issued within 30 days of the last day of the hearing (Education Law § 3020-a[4][a]), petitioner has not shown that she suffered prejudice as a result (see Matter of Leon v Department of Educ. of the City of N.Y., 115 AD3d 435, 436 [1st Dept 2014], lv denied 24 NY3d 903 [2014]; Scollar v Cece, 28 AD3d 317 [1st Dept 2006]).
The Hearing Officer did not abuse his discretion in granting a one-day adjournment at the outset of the hearing (see Matter of Chawki v New York City Dept. of Educ., Manhattan High Schools, Dist. 71, 39 AD3d 321, 324 [1st Dept 2007], lv denied 9 NY3d 810 [2007]). Nor did petitioner establish, by clear and convincing evidence, that the Hearing Officer was biased (see Batyreva v N.Y.C. Dept. of Educ., 95 AD3d 792 [1st Dept 2012]).
Because the petition was not dismissed under CPLR 3211, we need not address petitioner's substantive arguments. In any event, the award is supported by adequate evidence, was rational, and was not arbitrary and capricious (see Lackow v Department of Educ. [or "Board"] of City of N.Y., 51 AD3d 563, 567 [1st Dept 2008]), and there exists no basis to disturb the Hearing Officer's credibility findings (id. at 568).
Under the circumstances presented, the termination of
petitioner's employment does not shock our sense of fairness (see e.g. Matter of Brizel v City of New York, 161 AD3d 634 [1st Dept 2018]; Lackow at 569). Despite an almost 30-year career with DOE, the record shows that petitioner committed many instances of misconduct, including [*2]threatening behavior and insubordination, and she continued to deny any wrongdoing.
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 27, 2018
CLERK