Matter of Ghastin v New York City Dept. of Educ. (2019 NY Slip Op 01152)





Matter of Ghastin v New York City Dept. of Educ.


2019 NY Slip Op 01152


Decided on February 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2019

Friedman, J.P., Sweeny, Webber, Kahn, Kern, JJ.


651855/17

[*1]8410 In re Eileen Ghastin, Petitioner-Appellant,
v
New York City Department of Education, Respondent-Respondent.


Eileen Ghastin, appellant pro se.
Zachary W. Carter, Corporation Counsel, New York (Daniel Matza-Brown of counsel), for respondent.



Order, Supreme Court, New York County (Erika M. Edwards, J.), entered September 11, 2017, which denied the petition to vacate a hearing officer's Education Law § 3020-a arbitration award dated March 27, 2017, suspending petitioner four weeks without pay, granted respondent's cross motion to dismiss the petition and dismissed the proceeding, unanimously affirmed, without costs.
There is no basis to disturb the hearing officer's credibility determinations that during the May 17, 2016 incident, petitioner violated Chancellor's Regulation A—421 by cursing at a student and threatening to kill him while other students were present. Indeed, respondent's witnesses gave interlocking and closely corroborating testimony establishing her statements. The fact that the hearing officer found their testimony more credible than petitioner's is not a basis to find that his determinations were arbitrary and capricious (see Matter of Brito v Walcott, 115 AD3d 544, 545 [1st Dept 2014]). In addition, petitioner made no showing as to how a four-week suspension without pay is so shockingly disproportionate to the offense that it constitutes an abuse of discretion given her proven misconduct which could have resulted in violence (see Matter of Brizel v City of New York, 161 AD3d 634, 635 [1st Dept 2018]).
Although petitioner had about 19 years of service at the time of the hearing with no known disciplinary record before the incident, the record shows that she failed to acknowledge the gravity of her misconduct, continued to deny any wrongdoing and showed a lack of remorse for her actions (see Matter of Haas v New York City Dept. of Educ., 106 AD3d 620, 621 [1st Dept 2013]). She also failed to present clear and convincing proof that the hearing officer was biased against her (see Batyreva v N.Y.C. Dept. of Educ., 95 AD3d 792, 792 [1st Dept 2012]).
We further find that petitioner has waived the issue of whether the hearing officer lacked jurisdiction to decide the matter because she did not raise the issue during the arbitration (see Matter of DeMartino v New York City Dept. of Transp., 67 AD3d 479, 479 [1st Dept 2009]). [*2]That she raised the issue in her petition to the Supreme Court is of no moment.
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 14, 2019
CLERK