VXI Lux Holdco S.A.R.L. v SIC Holdings, LLC (2019 NY Slip Op 02437)





VXI Lux Holdco S.A.R.L. v SIC Holdings, LLC


2019 NY Slip Op 02437


Decided on March 28, 2019


Appellate Division, First Department


Manzanet-Daniels, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick, J.P.
Sallie Manzanet-Daniels,
Peter Tom
Marcy L. Kahn
Ellen Gesmer,JJ.


652064/17 8617 

[*1]VXI Lux Holdco S.A.R.L., Plaintiff-Appellant,
v
SIC Holdings, LLC, et al., Defendants-Respondents, Flanderit Holding AB, et al., Defendants.



Plaintiff appeals from an order of the Supreme Court, New York County (Eileen Bransten, J.), entered July 2, 2018, which, to the extent appealed from as limited by the briefs, granted defendants-respondents' motion to dismiss the causes of action for breach of contract and declaratory judgment.




Proskauer Rose, LLP, Los Angeles, CA (Jonathan M. Weiss of the bar of the State of California, admitted pro hac vice, of counsel), and Proskauer Rose, LLP, New York (David W. Heck of counsel), for appellant.
Wollmuth Maher & Deutsch LLP, New York (William F. Dahill, Jay G. Safer and Mara R. Lieber of counsel), for respondents.



MANZANET-DANIELS, J.


Plaintiff's claims are not definitively contradicted by the documentary evidence. The record (to the extent there is one on this motion pursuant to CPLR 3211) demonstrates the existence of issues of fact concerning when plaintiff determined that there was a matter that might give rise to a right of indemnification so that it was required to give notice pursuant to section 8.03(a) of the parties' contract. Plaintiff's discovery of an isolated issue at the Chengdu plant in November 2015 did not trigger the Notice of Claim provision of the parties' contract as a [*2]matter of law.
Further, defendants' defense of a condition precedent is not conclusively established. Even if section 8.03(a) might be construed as a condition precedent (which is highly doubtful), there has been no showing regarding the materiality of the provision as would be necessary given that nonoccurrence of the condition would lead to a draconian forfeiture.
Early in 2014, plaintiff [FN1] identified defendant Symbio Investment Corp. (Symbio) as a potential acquisition target, and shortly afterward, the parties began exchanging financial and other information. Symbio projected its year-end EBITDA [FN2] to be between $7.5 and $9 million. PricewaterhouseCoopers, relying on the same data, projected EBITDA to be $8.8 million after adjustments by management. The parties relied on these projections in arriving at a purchase price of between $100 and $110 million.
On November 26, 2014, plaintiff and Symbio entered into a Share Purchase Agreement (SPA) whereby plaintiff acquired all of Symbio's shares for approximately $110 million. The transaction closed in early 2015. When fiscal year accounting was completed, Symbio's normalized EBITDA was calculated to be only $6.4 million. The understatement of expenses (and corresponding overstatement of earnings) represented approximately 45% of the EBITDA, a significant figure that plaintiff alleges would have dramatically altered the parties' negotiation of the transaction and the price paid. Symbio is alleged to have made multiple misrepresentations and false claims during the due diligence process that resulted in the misstatement of EBITDA.
In the months after closing, Symbio's existing management and finance staff continued to work for the company and to handle its affairs in China. Plaintiff did not became more involved in Symbio's operations until mid-2015, and alleges that it was hampered in getting up to speed by Symbio's existing personnel. Plaintiff alleges that Symbio's finance and management teams provided inaccurate data, did not inform incoming personnel where certain data was stored, and in at least one case deleted relevant information entirely.
Plaintiff eventually commenced an investigation into Symbio's books, records, and practices. Plaintiff alleges that between January and February 25, 2016, it obtained data from Beijing, Chengdu, Shenzhen and Guangzhou that revealed consistent underpayments of social insurance and housing taxes. On February 26, 2016, plaintiff sent a "Notice of Claim" for indemnification to the selling shareholders of Symbio pursuant to section 8 of the SPA alleging breaches of numerous representations and warranties in the SPA.
Section 8.03(a) of the SPA sets forth the procedures and requirements for the purchaser to give notice of a claim to the seller:
"An Indemnified Party shall give the Sellers' Representative notice of any matter that an Indemnified Party has determined has given or could give rise to a right of indemnification under this Agreement, within 30 days of such determination (a Notice of Claim')."
Defendants moved to dismiss the complaint pursuant to CPLR 3211(a)(1) and (a)(7). The motion court granted defendants' motion pursuant to 3211(a)(1) and did not decide whether the complaint failed to state a claim pursuant to (a)(7).
The motion court interpreted the notification provision set forth in section 8.03(a) of the [*3]SPA as a condition precedent for bringing a lawsuit which plaintiff had failed to meet as a matter of law. The court cited paragraph 55 of the initial complaint in concluding that plaintiff had come to a "determination" as to potential liability in 2015 (it should be noted that nowhere in paragraph 55 is there a reference to the year 2015 or indeed any mention of when such "determination" was made). The motion court cited paragraph 73 of the first amended complaint in finding that plaintiff had access to evidence upon which it relies to bring its claim no later than November 2015. Because a Notice of Claim was not issued until February 2016, the court dismissed plaintiff's claims for breach of contract and a declaratory judgment pursuant to CPLR 3211(a)(1).[FN3]
A motion to dismiss may be granted if the defendant asserts "a defense . . . founded upon documentary evidence" (CPLR 3211[a][1]). A paper will qualify as "documentary evidence" only if it satisfies the following criteria: (1) it is "unambiguous"; (2) it is of "undisputed authenticity"; and (3) its contents are "essentially undeniable" (Fontanetta v John Doe 1, 73 AD3d 78, 86, 87 [2d Dept 2010], citing Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:10, at 21—22). A court may not dismiss a complaint based on documentary evidence unless "the factual allegations are definitively contradicted by the evidence or a defense is conclusively established" (Yew Prospect v Szulman, 305 AD2d 588, 589 [2d Dept 2003]; see Leon v Martinez, 84 NY2d 83, 88 [1994]).
Here, the terms of the SPA do not "utterly refute the plaintiff's factual allegations" (Esposito v Weiner, 160 AD3d 928, 929 [2d Dept 2018] [internal quotation marks omitted]). Indeed, as applied to the factual allegations advanced by plaintiff in this case, the terms of section 8.03(a) of the SPA are ambiguous as to what constitutes a "determination." Further, defendant neither conclusively established its defense that section 8.03(a) operated as a condition precedent, nor refuted plaintiff's argument that, if so, the condition precedent was material to the parties so that its nonoccurrence should be excused on the ground that it would effect a forfeiture.
Rather, paragraph 55 of the initial complaint states only that plaintiff came to a determination "[a]fter further internal investigation and analysis." Notably, "2015" appears nowhere in the paragraph, and nothing in the initial complaint supports a finding that plaintiff had made such a determination in 2015. The allegation that one Symbio employee who left in 2015 turned over some of her working materials does not support the conclusion that plaintiff thereby acquired all the information it needed to determine that it had a potential claim, much less to make such a determination contemporaneously. Ms. Yang's documents, in any event, pertained only to the city of Chengdu, and gave no indication as to the scope of any of the issues on a countrywide basis. Certainly, "determination" connotes something more than having some evidence concerning one office. At a minimum, due to the ambiguity of the term "determination" as applied to the factual allegations of the initial complaint, defendants failed to conclusively establish that a "determination" was made in 2015 so as to trigger the Notice of Claim procedure set forth in section 8.03(a).
Section 8.03(a) also sets forth specific conditions for what such a Notice of Claim must contain, namely: (1) a statement that there have been or could be indemnifiable losses; (2) a calculation or estimate of those losses; (3) the method of calculation of losses; and (4) a description "in reasonable detail" of the facts and circumstances giving rise to the losses. When reading the provision as a whole, as rules of contract interpretation require, we must conclude that a party can only arrive at a "determination" within the meaning of section 8.03(a) when it comes to a conclusion regarding whether there are losses, calculates those losses, and assembles [*4]a reasonably detailed explanation of how those losses came about [FN4]. Reason would dictate that plaintiff cannot be expected to submit a Notice of Claim without assessing the information it was contractually obligated to provide in the notice. Plaintiff's factual allegations regarding Symbio's employees actively impeding investigation must also be considered. The motion court's interpretation of the provision would allow Symbio to thwart plaintiff's investigation and then blame plaintiff for failing to earlier conclude its investigation, a reductio ad absurdum.
The court also erred in construing Section 8.03(a) as an express condition precedent, as opposed to a contractual promise. A condition precedent is "an act or event, other than a lapse of time, which, unless the condition is excused, must occur before a duty to perform a promise in the agreement arises" (Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co., 86 NY2d 685, 690 [1995] [internal quotation marks omitted]). In determining whether a given clause makes an event a condition, doubtful language should be interpreted as a promise rather than an express condition, especially where a finding of express condition would increase the risk of forfeiture by the obligee (id. at 691). "To the extent that the non-occurrence of a condition would cause disproportionate forfeiture, a court may excuse the non-occurrence of that condition unless its occurrence was a material part of the agreed exchange" (id. [internal quotation marks omitted]).
Section 8.03(a) does not contain any conditional language, let alone "unmistakable" conditional language such as "if," "unless and until," or "null and void" (see id. at 688, 691). None of the cases cited by defendants supports their argument that the use of the word "shall" in section 8.03(a) is unmistakably indicative of a condition precedent (see Dallio v Spitzer, 343 F3d 553, 562 [2d Cir 2003], cert denied 541 US 961 [2004]; Eastman Kodak Co. v Bostic, No. 91-Civ-1797, 1991 WL 243378, *1-2, 1991 Dist LEXIS 16396, *1-7 [SD NY Nov. 14, 1991]; First Natl. Bank of Chicago v Silver, 73 AD3d 162, 165-166 [2d Dept 2010]). Courts are reluctant to interpret a contractual clause as a condition precedent in the absence of such unmistakable conditional language (see e.g. EidosMedia Inc. v Citigroup Tech., Inc., 140 AD3d 555 [1st Dept 2016]); DirecTV Latin Am., LLC v RCTV Intl. Corp., 115 AD3d 539 [1st Dept 2014]; Su Mei, Inc. v Kudo, 302 AD2d 740 [3d Dept 2003]). Assuming, arguendo, that Section 8.03(a) is properly construed as a condition precedent, treating it as such in this case would have draconian consequences, i.e., effectively shortening the statute of limitations for fraud from six years to 30 days, and it was error to interpret it as such with no inquiry whatsoever concerning the materiality of the provision.
Finally, defendants should not be permitted to benefit from the nonexistence of any condition precedent where it is alleged that defendants themselves have frustrated or prevented the occurrence of the condition (see A.H.A. Gen. Constr. v New York City Hous. Auth., 92 NY2d 20, 31 [1998]). "A condition precedent is linked to the implied obligation of a party not to do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract" (id. [internal quotation marks omitted]). Thus, "a party to a contract cannot rely on the failure of another to perform a condition precedent where he has frustrated or prevented the occurrence of the condition" (id. [internal quotation marks omitted]).
Accordingly, the order of the Supreme Court, New York County (Eileen Bransten, J.), entered July 2, 2018, which, to the extent appealed from as limited by the briefs, granted [*5]defendants' motion to dismiss the causes of action for breach of contract and a declaratory judgment, should be reversed, on the law, without costs, and the motion denied.
All concur.
Order, Supreme Court, New York County (Eileen Bransten, J.), entered July 2, 2018, reversed, on the law, without costs, and the motion denied.
Opinion by Manzanet-Daniels, J. All concur.
Renwick, J.P., Manzanet-Daniels, Tom, Kahn, Gesmer, JJ.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 28, 2019
CLERK



Footnotes

Footnote 1:Plaintiff is the successor in interest to VXI Offshore Ltd., the purchaser under the Share Purchase Agreement. For simplicity's sake, we refer to plaintiff as the purchaser.

Footnote 2:"EBITDA" stands for earnings before interest, taxes, depreciation, and amortization.

Footnote 3:Plaintiff does not appeal from the dismissal of the third cause of action alleging fraud.

Footnote 4:It is true that this enumeration of the contents of the Notice of Claim is prefaced by the language "as applicable and to the extent reasonably available to the Indemnified Party." Nonetheless, it is reflective of a certain level of expected detail in any such Notice of Claim.