Five Star Elec. Corp. v A.J. Pegno Constr. Co., Inc./Tully Constr. Co., Inc. (2020 NY Slip Op 06051)





Five Star Elec. Corp. v A.J. Pegno Constr. Co., Inc./Tully Constr. Co., Inc.


2020 NY Slip Op 06051


Decided on October 27, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 27, 2020

Before: Gische, J.P., Oing, Scarpulla, Mendez, JJ. 


Index No. 400897/11 Appeal No. 12207 Case No. 2020-02955 

[*1]Five Star Electric Corp., Plaintiff-Respondent,
v
A.J. Pegno Construction Co., Inc./Tully Construction Co., Inc., etc., et al., Defendants-Appellants.


Peckar & Abramason, P.C., New York (Paul G. Monte of counsel), for appellants.
Duane Morris, LLP, New York (Mark A. Canizio of counsel), for respondent.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered April 22, 2020, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
Defendants are not entitled to summary judgment dismissing the complaint, which asserts causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing. On appeal, defendants do not dispute that plaintiff is an intended third-party beneficiary of their contract with the City. The contractual notice provision at issue was not a condition precedent to commencing this lawsuit, as it lacked unmistakable conditional language (see VXI Lux Holdco S.A.R.L. v SIC Holdings, LLC, 171 AD3d 189, 194-195 [1st Dept 2019]; EidosMedia Inc. v Citigroup Tech., Inc., 140 AD3d 555, 555 [1st Dept 2016]; DirectTV Latin Am., LLC v RCTV Intl. Corp., 115 AD3d 539, 540 [1st Dept 2014]) and, nevertheless, did not apply to instances where delay damages were being sought. The prime contract's "no damage for delay" provision may, by its plain terms, be invoked only by the City. In addition, having reviewed the record, we conclude that triable issues are raised by conflicting evidence as to the import of plaintiff's requests for time extensions and its verified statement of claim.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 27, 2020