Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO (New York State Dept. of Corr. & Community Supervision) (2020 NY Slip Op 07007)





Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO (New York State Dept. of Corr. & Community Supervision)


2020 NY Slip Op 07007


Decided on November 25, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 25, 2020

530446

[*1]In the Matter of the Arbitration between Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO, et al., Appellants, and New York State Department of Corrections and Community Supervision, Respondent.

Calendar Date: October 16, 2020

Before: Lynch, J.P., Mulvey, Devine, Pritzker and Colangelo, JJ.


Daren J. Rylewicz, Civil Service Employee Association, Inc., Albany (Scott Lieberman of counsel), for appellants.
Letitia James, Attorney General, Albany (Frederick A. Brodie of counsel), for respondent.



Colangelo, J.
Appeal from an order of the Supreme Court (Ferreira, J.), entered October 15, 2019 in Albany County, which, among other things, denied petitioners' application pursuant to CPLR 7510 to confirm an arbitration award.
Petitioner Dana Favreau is employed by respondent and is a member of petitioner Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO, Inc. In September 2017, respondent issued to Favreau, pursuant to the applicable collective bargaining agreement (hereinafter CBA), a notice of discipline dismissing her from service and informing her of the loss of any accrued annual leave. In the notice of discipline, respondent brought five charges against Favreau, each of which centered around the same operative facts, namely, that Favreau allegedly filed false or misleading incident reports and complaints against her supervisor, with the only difference in the charges being the person or entity to which Favreau's remarks were directed. Petitioners filed a grievance with respect to the discipline imposed upon Favreau, which ultimately resulted in the arbitration at issue here.
Prior to the arbitration hearing, petitioners moved to dismiss three of the five charges and a separate motion to preclude certain evidence from being admitted at the evidentiary hearing. After allowing the parties to submit their arguments in writing, the arbitrator, on September 11, 2018, partially granted petitioners' motion to dismiss by dismissing charge 1 (b)[FN1] and fully granted petitioner's motion to preclude certain evidence.
On November 19, 2018 respondent advised the arbitrator that it would not appear for the hearing unless the arbitrator vacated her September 2018 decision and reinstated all of the charges. For several weeks, the arbitrator and respondent exchanged correspondence, and respondent reiterated several times that it would not proceed unless all charges — including the dismissed charge 1 (b) — were heard, culminating in respondent's insistence that the arbitrator recuse herself from the proceeding. In a December 2018 decision and award, the arbitrator, without an evidentiary hearing, dismissed all of the remaining charges and directed that Favreau be reinstated with full back pay and benefits. As the arbitrator reasoned, respondent "[did] not meet [its] burden of proof established in the [CBA]" since it "presented no evidence or testimony to prove that [Favreau] is guilty of the alleged misconduct identified in the September 5, 2017 Notice of Discipline."
When respondent refused to reinstate Favreau, petitioners commenced this CPLR article 75 proceeding to confirm the arbitration award, and respondent cross-moved to vacate the award. Supreme Court granted respondent's cross motion, vacated the arbitration award in its entirety and remanded the matter for rehearing before a new arbitrator. The court found that respondent did not waive its right to challenge any of the issues by refusing to participate in the hearing and that the arbitrator exceeded her authority under the relevant CBA provisions by dismissing charge 1 (b) prior to an evidentiary hearing. Because in our view the arbitrator acted within her authority and in a manner consistent with the requirements of the CBA and the CPLR, we reverse.
Public policy and the courts have long favored parties' efforts to resolve their disputes by means other than litigation, namely through the alternative auspices of mediation or arbitration. "[T]he announced policy of this [s]tate favors and encourages arbitration as a means of conserving the time and resources of the courts and the contracting parties" (Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Am., 37 NY2d 91, 95 [1975]; see Ferguson Elec. Co. v Kendal at Ithaca, 274 AD2d 890, 891 [2000]; Rio Algom v Sammi Steel Co., 168 AD2d 250, 251 [1990]). To that end, when parties agree to arbitrate, the arbitrator's decision will rarely be overturned, as "[j]udicial review of arbitral awards is extremely limited" (Matter of Czerwinski [New York State Dept. of Corr. & Community Supervision], 173 AD3d 1325, 1326 [2019] [internal quotation marks and citations omitted]). Further, an award "must be upheld when the arbitrator offers even a barely colorable justification for the outcome reached" (Matter of Allstate Ins. Co. v GEICO [Govt. Empls. Ins. Co.], 100 AD3d 878, 878 [2012] [internal quotation marks, brackets and citations omitted]). However, an arbitration award may be vacated when "it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y., 1 NY3d 72, 79 [2003] [internal quotation marks and citations omitted]; see CPLR 7511 [b] [1]; Matter of Czerwinski [New York State Dept. of Corr. & Community Supervision], 173 AD3d at 1326; Matter of Livermore-Johnson [New York State Dept. of Corr. & Community Supervision], 155 AD3d 1391, 1392 [2017]). Accordingly, "[c]ourts must give deference to an arbitrator's decision and cannot examine the merits of an arbitration award, even if the arbitrator misapplied or misinterpreted law or facts" (Matter of Shenendehowa Cent. School Dist. Bd. Of Educ. [Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO, Local 864], 90 AD3d 1114, 1115 [2011] [internal quotation marks and citations omitted], affd 20 NY3d 1026 [2013]; see Matter of County of Ulster [Ulster County Sheriff's Empls. Assn./Communications Workers of Am., AFL/CIO, Local 1105], 75 AD3d 885, 886 [2010]).
Petitioners argue that Supreme Court erred in vacating the arbitration award because the court exceeded the limited scope of its judicial review and substituted its own judgment for that of the arbitrator and because the arbitrator did not exceed any specifically enumerated limitation on the arbitrator's power in the CBA. We agree. First, we agree with petitioners that the arbitrator did not exceed her authority in dismissing charge 1 (b) prior to an evidentiary hearing. A hearing was held, albeit not an evidentiary hearing, on June 28, 2018. As respondent concedes, the hearing was commenced by the arbitrator on all charges, and it was in the context of that hearing that petitioners moved to dismiss three of the charges against Favreau, including the at-issue charge 1 (b). At that hearing, respondent requested and was afforded the opportunity to submit papers in opposition to petitioners' motion to dismiss. Significantly, on that first hearing date in June 2018, each party introduced exhibits into evidence and appeared with witnesses presumably prepared to testify. It was at respondent's request that the hearing was adjourned to November 2018 so that it could respond in writing to petitioners' motions.
Second, the fact that the arbitrator summarily dismissed charge 1 (b) without an evidentiary hearing is of no moment. Nowhere does the CBA state that an evidentiary hearing is the sole means of [*2]resolving a grievance.[FN2] Indeed, in the absence of an express provision in the arbitration agreement to the contrary, an arbitrator is entitled to decide an issue through summary judgment (see Brooks v BDO Seidman, LLP, 94 AD3d 528, 529 [2012]; cf. Matter of Allstate Ins. Co. v GEICO [Govt. Empls. Ins. Co.], 100 AD3d at 878). Although an evidentiary hearing was not conducted in this matter, the arbitrator provided respondent — at its request — with an adjournment to provide it with an opportunity to submit its opposition to petitioners' motions, and the arbitrator carefully considered the issues presented and arrived at a reasoned opinion that charge 1 (b) should be dismissed. Moreover, inasmuch as an arbitrator's interpretation of the language and provisions contained in a governing CBA are generally beyond judicial review, we agree with petitioners that no language in the parties' CBA prevented the arbitrator from dismissing charge 1 (b) without an evidentiary hearing (see generally Matter of Capital Dist. Transp. Auth. [Amalgamated Tr. Union, Local 1321], 173 AD3d 1542, 1543-1544 [2019]); Matter of Verille v Jeanette, 163 AD3d 830, 831 [2018], lvs denied 32 NY3d 908 [2018]).
Third, we agree with petitioners that the arbitrator did not exceed her authority in dismissing the remaining charges without an evidentiary hearing due to respondent's failure to proceed with the hearing. CPLR 7506 (c) provides that, "[n]otwithstanding the failure of a party duly notified to appear, the arbitrator may hear and determine the controversy upon the evidence produced" (see Matter of Chawki v New York City Dept. of Educ., Manhattan High Schools, Dist. 71, 39 AD3d 321, 323 [2007], lv denied 9 NY3d 810 [2007]). Respondent could have proceeded with an evidentiary hearing on the remaining charges — charges predicated upon the same underlying facts that respondent contends support charge 1 (b) — and could have done so while preserving its objection to the summary dismissal of charge 1 (b).[FN3] Thus, although the arbitrator dismissed charge 1 (b), respondent was not foreclosed [*3]from presenting evidence in support of the remaining charges. Moreover, contrary to respondent's contention, respondent could have done so without waiving an objection to the arbitrator's dismissal of charge 1 (b) (see CPLR 7506 [f]). By unilaterally deciding not to appear and to present evidence in support of the charges, the arbitrator was permitted to "hear and determine the controversy upon the evidence produced" (CPLR 7506 [c]), which, here, resulted in the lack of any evidence to substantiate the charges and in the dismissal of all remaining charges (see CPLR 7506 [c]; Matter of Verille v Jeanette, 163 AD3d at 831; Matter of Chawki v New York City Dept. of Educ., Manhattan High Schools, Dist. 71, 39 AD3d at 323-324). In addition, the CBA authorizes the arbitrator to take appropriate action under such circumstances. Under CBA section 33.4 (g) (1), the arbitrator has the authority "to resolve a claimed failure of a party to follow the procedural provisions of this Article," which naturally include a hearing. There can be no rule more fundamental than the requirement that a party appear and participate in the hearing. Accordingly, petitioners' application to confirm the arbitration award must be granted and respondent's cross motion to vacate the arbitration award must be denied. To the extent that the parties' remaining contentions have not been expressly addressed, they are either academic in light of our decision or have been considered and found to be without merit.
Lynch, J.P., Mulvey, Devine and Pritzker, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, petitioners' application to confirm granted and respondent's cross motion to vacate denied.



Footnotes

Footnote 1: Charge 1 (b) pertained to Favreau's alleged communication of her complaint against her supervisor to respondent's Office of Diversity Management.

Footnote 2: Here, such a hearing would have been an exercise in futility in view of the fact that the arbitrator, in making her ruling, assumed, similar to a court's evaluation of a motion to dismiss under CPLR 3211 (a) (7), that any facts adduced at such a hearing would comport with respondent's view of the case. Neither the CBA nor the CPLR compels such an empty gesture.

Footnote 3: Each of the charges lodged against Favreau alleges that she made "false and/or misleading statements against a fellow employee" by claiming that such employee — her supervisor — stated to her, "I'm going to fix you, I'm going to f*** you up" while pointing his finger in Favreau's face and yelling. The only difference among the charges is the person or entity to whom Favreau reported that such statements had been made. The arbitrator dismissed charge 1 (b) without ruling on the substantive issue of whether such statements by the supervisor had been made — that is, without deciding whether Favreau had made "false and/or misleading statements." Instead, the arbitrator ruled that a complaint of discrimination made by an employee to the appropriate officials — which Favreau did here according to charge 1 (b) — is protected activity whether such complaints are later determined to be "false and/or misleading."